## MARYLAND CASUALTY CO. v. UNITED STATES.

### No. 43840.

Court of Claims.
May 6, 1940.

752

Robert C. Handwerk, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

GREEN, Judge.

There is no substantial dispute between the parties as to the facts in the case which, so far as material to the legal questions involved, may be summarized as follows:

Plaintiff, as a corporate surety, on May 26, 1927, executed a bond in favor of the defendant for the payment of a deficiency in taxes, including the year 1925, assessed against Robert C. Lindsay, as principal and taxpayer. Subsequently, as shown by the findings, the taxpayer filed a first and then a second amended return of his tax liability for this year. The second amended return showed an overassessment of $2,-804.44. Simultaneously with the filing of the second amended return and while the bond was in full force and effect, the taxpayer filed a claim for abatement and refund of the income tax for the year 1925 in which he requested abatement of $2,-707.85 and the refund of $96.59. Thereafter, the Commissioner allowed part of the claim for abatement to the extent of $85.65 and discharged the remainder thereof.

In the meantime, bankruptcy proceedings had been instituted in the United States District Court for the Southern District of Florida. About May 16, 1928, the defendant, acting through its collector of internal revenue, filed in the bankruptcy proceedings a statement of a claim for taxes due the United States in the matter of Robert C. Lindsay, bankrupt, claiming a balance of tax due for 1925 in the principal sum of $2,707.85, with interest. On or about December 4, 1928, the taxpayer (Robert C. Lindsay) filed in the bankruptcy court objections to this claim, stating that no part of it was due and owing to the defendant but, on the contrary, there was due and owing to the taxpayer a refund of $96.59.

The claim for taxes against Lindsay came on to be heard before the referee in bankruptcy in January 1929 and evidence was presented on behalf of the taxpayer and bankrupt, but no evidence was introduced on behalf of the collector or the defendant, nor was there any appearance of counsel for either. On January 28, 1929, the referee in bankruptcy signed an order in which he made a finding that the claim of the defendant for income taxes on the bankrupt for 1925 in the sum of $3,249.42 was not due and payable, and adjudged and decreed that the claim of the defendant for balance of tax for 1925 with interest in the total amount of $3,249.42 be disallowed. There was no appeal by the defendant from this order and defendant took no further action in connection therewith.

Thereafter, as shown by Finding 17, defendant filed a suit in the District Court of the United States for the Southern District of Florida against the plaintiff herein on the bond above mentioned. In response to that suit, the plaintiff set up as a defense the plea that Robert C. Lindsay had been adjudged a bankrupt in that court, that the collector of internal revenue filed a claim in bankruptcy for the additional tax in question, that the trustee in bankruptcy filed exceptions to the allowance of the claim, and that the exceptions were sustained by the referee and the claim disallowed, which facts, it was asserted, constituted a complete defense to that cause of action. May 4, 1934, the District Court rendered its decision in this case to the effect that the determination by the referee in the bankruptcy court, as between Robert C. Lindsay and the Government, did not release the surety or affect the right of action on the bond, and entered judgment in favor of the United States for $5,689.51, which included the balance of the assessment of income tax for 1925 of $2,622.20, with interest thereon, and the income tax for 1920 in the amount

of $290.32, with interest thereon. An appeal was taken from this judgment to the United States Circuit Court of Appeals which court affirmed the decision of the District Court so far as to allow recovery on the bond up to its face amount, reversing with respect to certain interest adjustments, and remanded the case to the latter court with direction to enter judgment. Accordingly, on July 8, 1935, the United States District Court for the Southern District of Florida entered judgment against plaintiff in the amount of $5,052.23, which included the principal and interest at the legal rate asserted for 1925, and the principal and interest for the year 1920, the latter aggregating $440.32 and not being claimed by plaintiff in this suit. July 12, 1935, plaintiff paid the amount of this judgment with costs of $77.52.

July 1, 1937, Robert C. Lindsay filed a claim for refund for the year 1925 describing the amount to be refunded as "balance of assessment for 1925, $2,622.20, and interest, plus $96.59 and interest, and penalties, court costs, and actual expenses," and setting out definitely the grounds of the claim; further that plaintiff had paid the judgment of the District Court as shown above; that the claim of the Government for the taxes which were thus paid had been considered by a referee in bankruptcy and the claim disallowed; that the matter is res adjudicata, and the action of the bankruptcy court is binding upon the Government.

About July 2, 1937, plaintiff filed a claim for refund for 1925 in which there was asked the same amount as was set out in the claim for refund filed by Robert C. Lindsay as stated above. The grounds of the claim were in substance that the plaintiff, as surety for the taxpayer Robert C. Lindsay, had paid the taxes, interest, and penalties claimed to be due the defendant in behalf of said taxpayer by virtue of a certain income and profits tax bond, and otherwise the same as had been set up by Lindsay in his claim for refund referred to above.

The claims for refund filed by Lindsay and the plaintiff were both disallowed by the Commissioner in October 1937, and officially rejected February 17, 1938, for reasons stated in Findings 21 and 22.

It will be observed that two judgments were entered in the case: one by the referee in bankruptcy that there was nothing due from Lindsay on the tax for the year 1925, as claimed by the defendant; the other rendered by the District Court holding plaintiff liable upon the bond which had been given for the payment of these taxes. The plaintiff contends that the judgment rendered by the referee in bankruptcy is a final adjudication in its favor and entitles it to recover the amount which it paid on the taxes for 1925. The defendant, on the contrary, insists that the judgment rendered in its favor upon the bond is conclusive that the taxes in controversy were due and owing from Lindsay and makes the matter res adjudicata against the plaintiff. The contention of the defendant will first be taken up.

We think the argument on behalf of the defendant as to the effect of the suit and judgment on the bond is not well founded. This suit was not concerned with the merits of the 1925 taxes. The plaintiff was bound by its contract whether the alleged taxes were legal or illegal; but after such payment, under the doctrine of subrogation and contractual relationship with the United States, the plaintiff had the right to test the validity and merits of the taxes.

The suit on the bond did not involve the validity of the taxes. That issue could not be raised therein and consequently was not adjudicated. It was a distinct and independent proceeding to collect taxes which had been assessed. The defendant had the right to collect them and could not be restrained or defeated in the action on the bond by any proceedings in the bankruptcy court. See United States v. Maryland Casualty Co., D.C., 8 F.Supp. 1020. But, as stated in the last paragraph of the opinion of the case above cited, the taxpayer had a remedy. It could pay the tax and bring suit for a refund. See also Maryland Casualty Co. v. United States, 5 Cir., 76 F.2d 626. The suit in the District Court adjudicated the defendant's right to collect the taxes which were prima facie due and owing, having been assessed, but, if illegally assessed, could be recovered by proper proceedings. Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965. Having as surety paid a liability of

the taxpayer, the plaintiff became subrogated to all of his rights in the matter.

 The right of subrogation extends not only to the rights and remedies of the creditor but also to those of the principal on the bond. 60 C.J., sec. 81, p. 771, citing numerous cases. By reason of the payment of the bond, the plaintiff became subrogated to all the rights of the taxpayer with reference to a refund of the taxes.

The judgment of the referee in bankruptcy stands in an altogether different light from the judgment on the bond. Under the statute and all the decisions, the judgment rendered by him was in effect the judgment of a court and entitled to the same credit and standing. The judgment was not only upon the merits but entered upon a claim presented in behalf of the United States by a party duly authorized to act for the defendant.

It may be, as contended by defendant, that it now appears that the decision of the referee in bankruptcy was contrary to the actual facts in the case. But if so, there should have been an appearance for the collector or the defendant before the referee when the claim was heard and evidence introduced in behalf of defendant, or at least an appeal taken from the decision. Neither the defendant nor any of its representatives did anything, although an opportunity was given for a hearing and there was nothing to prevent an appeal. Under these circumstances, the decision became final.

Counsel for defendant cite a number of cases which hold that in suits against a collector his liability is not official but personal and for this reason a judgment in a suit in which he was a party defendant does not conclude the Commissioner or the United States. But the suit before the referee was not that kind of a case. It was on a claim presented by the duly authorized agent of the United States and the judgment entered therein is res adjudicata against both the Commissioner and the United States. Its effect was conclusive in favor of the plaintiff and its application for a refund which should have been allowed to the extent of the payment of the amount of the 1925 taxes and interest which was made upon the bond. This, the findings show, was $4,611.91.

Judgment will accordingly be entered in favor of the plaintiff for $4,611.91 with interest as provided by law. It is so ordered.