**UNITED STATES FIDELITY & GUARAN-TY CO., for Use of WALSH, v. UNIT-ED STATES et al.**

District Court, S. D. New York.
March 31, 1944.

Simone N. Gazan, of New York City, for libelant.

James B. M. McNally, U. S. Atty., of New York City (Corydon B. Dunham, of New York City, of counsel), for respondent United States of America and for respondent R. A. Nicol & Co. Inc.

BRIGHT, District Judge.

Here is a libel in personam by which libelant seeks to recover for personal injuries sustained by Charles H. Walsh on July 29, 1943, while employed by the Savannah Machine & Foundry Company, as a rigger. On that day, in order to go aboard the Steamship "Charles A. Dana", owned and operated by the United States and of which Nicol & Company, Inc., was the agent, to assist in the installation of some tanks which the Foundry Company had contracted to install, Walsh climbed up on a railroad car standing on the pier at which the ship was docked and opposite a Jacobs ladder which hung over the ship's side from its deck railing. He stepped from the car to the ladder and when he had ascended six or eight feet, the ladder, because of its allegedly defective and unseaworthy condition or fastening, gave way or dropped, and he fell to the dock, and was injured. Libelant had written a policy of workmen's compensation for the Foundry Company; Walsh applied for, was duly awarded, and received his compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Libelant claims, under that act, an assignment of whatever cause of action Walsh had against respondents at least to the extent of its payments, Walsh being entitled to the balance of any recovery.

Respondents except to the libel on the grounds (1) that the claim is not of a maritime nature because the accident happened upon the dock and not upon navigable waters, and (2) that the claim of libelant as subrogee or assignee is not one in connection with which the United States has consented to be sued under the Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq.

1. The contention is that as Walsh was going from the dock to the ship his injury occurred on land and is nonmaritime, relying upon a line of cases of which The Brand, D.C., 29 F.2d 792, is an illustration. It seems to me, however, that the distinction conferring jurisdiction when the injured person goes from the ship to the dock, and denying it when such person was travelling in the opposite direction, has now been repudiated. Certainly, it was

suggested in Richards v. Monahan, D.C., 17 F.Supp. 252, 253, that such a holding should not be the criterion of jurisdiction where the accident involved an employee whose work required him to board the ship and leave it, particularly where he had reached the point above navigable waters when injured. That the "direction of travel" rule has now been discarded, seems perfectly obvious from The Admiral Peoples, 295 U. S. 649, 55 S.Ct. 885, 79 L.Ed. 1633. The determining factor there was said to be the ! fact that the means of travel was furnished by and was a part of the vessel. I think it is clear that the accident, happening as stated in the libel, was a maritime accident. The Shang Ho, D.C.,13 F. Supp. 632, affirmed 9 Cir., 88 F.2d 42, certiorari denied Fan Shan Hang v. Prestliena, 301 U.S. 705, 57 S.Ct. 938, 81 L.Ed. 1359; The Berwindglen, D.C., 14 F.Supp. 992, reversed on other grounds, 1 Cir., 88 F.2d 125; Ford v. Parker, D.C., 52 F.Supp. 98; Brady v. Roosevelt S. S. Co., 317 U.S. 575–577, 63 S.Ct. 425, 87 L.Ed. 471.

2. There is no doubt that were this suit between private parties, it could be maintained in admiralty either by the libelant or the employer of Walsh. Amazon Ins. Co. v. The Iron Mountain, Fed. Cas.No. 270; The Montana, C.C., 22 F. 715, affirmed 129 U.S. 397, 9 S.Ct. 469, 32 L.Ed. 788; Westchester Fire Ins. Co. v. Buffalo Housewrecking & Salvage Co., D. C., 40 F.Supp. 378; B. A. Carroll Stevedoring Co. v. United States, D.C., 25 F. Supp. 6, 7; The Aden Maru, D.C., 51 F. 2d 599; The Etna, D.C., 46 F.Supp. 156–158, affirmed, 3 Cir., 138 F.2d 37–42. A libel in personam may be brought against the United States in cases where a proceeding in admiralty could be maintained if the vessel were a merchant ship and privately owned. Sections 2 and 3 of the Suits in Admiralty Act, 41 Stat. 525, 526, 46 U.S.C.A. §§ 742, 743. Under the Longshoremen's Compensation Act, 33 U.S.C.A. §§ 901 to 950, the insurance carrier which has assumed payment of the compensation, is subrogated to all of the rights of the employer, Id. § 933(i); and the employer has by the same act the right to sue to recover the damages. Id. § 933(c) (d). In my judgment, the recovery here sought is the same which the employee himself might seek, and would be within the jurisdiction asserted. That it is brought in the name of someone else, who, by federal law, is given the right to sue, does not and should not change the jurisdiction status.

The exceptions are overruled. Settle order on notice.