## SEABOARD FRUIT CO., Inc., v. UNITED STATES.

District Court, S. D. New York.

April 3, 1946.

See also D.C., 73 F.Supp. 732.

Purrington & McConnell, of New York City (Frank J. McConnell and James D. Brown, both of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox & Keating, of New York City (Michael F. Whalen and Walter P. Hickey, both of New York City, of counsel), for the United States.

CAFFEY, District Judge.

The principal place of business of the libelant is in the Borough of Manhattan, Southern District of New York (paragraph 1). At all the times mentioned in the complaint the vessel was employed by the United States as a merchant vessel (paragraphs 3 and 4). The action is for recovery of damages suffered by the cargo of the S. S. Hilton in its voyage from New York to San Juan (paragraph 5). The allegations in paragraphs 1 to 5 were repeated in paragraphs 13 and 14.

The sole objection interposed by the United States is that prior to suit the claims sued on were assigned to the libelant. It is urged by the Government that the transfers were in violation of 31 U.S.C.A. § 203.

In the light of the Suits in Admiralty Act, adopted March 9, 1920, however, I think the assignments were valid. As I see the matter, it seems to me that on the facts the pertinent provisions of the statute, 46 U.S.C.A. § 742, confer on the libelant the right to maintain the action. As the courts have construed the section, the libel expressly embraces the conditions (set out in the libel) which entitle the owner of the vessel to sue. Smith v. United States Shipping Board Emergency Fleet Corporation, 2 Cir., 26 F.2d 337, 339 (right column first full paragraph); The West Grama, D.C. S.D.N.Y., 1924 A.M.C. 1444, 1445, 1446. See also Rhodes v. United States, D.C. E.D.N.Y., 8 F.Supp. 124, 126, 127.

I should like to discuss the subject more fully; but I regret that time is not available.

Exceptions overruled. Settle order on two days' notice.