**SEABOARD FRUIT CO., Inc. v.
UNITED STATES.**

District Court, S. D. New York.

May 1, 1946.

CAFFEY, District Judge.

The libel was filed May 25, 1945. On December 14, 1945, the respondent filed notice of appearance. On January 22, 1946, it filed exceptions to the libel.

When the case was previously before me, I was very hurried. I also then had the impression that, by the notice of motion, I was asked, in the alternative, to pass on exceptions to the first and second causes of action as a single or group matter. Since my former memorandum, 73 F.Supp. 730, was filed counsel for the respondent has requested me to rule separately on the sufficiency of each cause of action; and that I shall do:

(1) I adhere to my former holding, on the authority of The West Grama, D.C. S.D.N.Y., 1924 A.M.C. 1444, 1445, 1446, which has stood for more than twenty-two years, that the exception to the first cause of action should be overruled. See also The Mandu, 2 Cir., 102 F.2d 459, 461, 462; Rhodes v. United States (President Jackson and President Jefferson), D.C.E.D. N.Y., 8 F.Supp. 124, 1934 A.M.C. 890, 894; and Empire Refining Co. v. Davis, D.C. E.D.Okl., 6 F.2d 305, 307 left column last paragraph.

(2) On the other hand, I feel that the exception to the second cause of action is well founded.

It has been expressly said by the Circuit Court of Appeals for this Circuit that (46 U.S.C.A. §§ 741, 742) Sections 1 and 2 [of the Suits in Admiralty Act] indicate that the United States shall be the defendant. And Section 3 [46 U.S.C.A. § 743], states that such suits as are brought under the Act shall proceed according to the principles of law and rules of practice obtaining in like cases between private parties. I find no decision by that court which is at variance with the quotation I have taken from an opinion put out only about a year ago by a court to which I owe obedience.

Accordingly, irrespective of whether the announcement was dictum, the second count should be dismissed (Defense Supplies Corporation v. United States Lines Co., 2 Cir., 148 F.2d 311, 312, 313), with leave to amend within a period agreed on or fixed by the order hereon.

I realize that the authorities cited above possibly, for present purposes, are not wholly satisfactory. Nevertheless, it seems to me, my duty to apply them as nearly as I can. In that connection I think anyone would be helped by reading, even if only by way of introduction, Knauth's Benedict on Admiralty, 6th Edition, Volume I, pp. 436 to 471.

Settle order on two days' notice.