## SEABOARD FRUIT CO., Inc. v. UNITED STATES.

District Court, S. D. New York.

July 15, 1946.

See also, D.C., 73 F.Supp. 731.

CAFFEY, District Judge.

There are two preliminary matters which I think should be mentioned. These are as follows:

First. In the papers there is objection to a proposed order, dated May 7, 1946, overruling respondent's exceptions to the libel. Under date of May 14, 1946, as I understand its position, the respondent requested that the order be set aside. In paragraph 2 of the May 14, 1946, notice of motion the respondent includes the statement that "the libelant sues the United States of America as assignee only, for cargo loss and damage, * * *."

Apparently the parties agree that the order of May 7, 1946, be vacated. Unless they or one of them desire otherwise the order will be vacated. If either wish to discuss the question opportunity to do so will be afforded.

Second. Shipments of cargo were made under designated bills of lading. Libelant's May 27, 1946, brief says, as set out on page 2, with respect to both causes of action, that copies of the bills of lading are annexed to the libel. In the brief of the respondent, in support of its exceptions to the libel, it is stated that copies of the bills of lading are attached to the libel. In the last sentences of articles 5 and 13 of the libel it is specifically alleged that "A photostatic copy of said bill of lading is hereto annexed and made part hereof." However, the libel does not contain such copy or copies as are referred to. I suppose the omission was by oversight.

The libel contains what I believe the parties intended to treat as a portion in extenso of the bills of lading involved. In its briefs of February 25, 1946, and May 27, 1946, at page 3, the libelant quotes a somewhat lengthy extract from them. The same clause appears also in Olavarria & Co. v. United States, D. C. S.D. Ala., 56 F.Supp. 758, 759 (left column next to the last paragraph).

Please inform me whether complete copies will be inserted or a correction satisfactory to both sides will be made.

If counsel desire to be heard on the subject, opportunity will be afforded.

With the view of continuing the discussion, I shall assume that by consent the difficulty as to contents of the bills of lading will be adjusted and the difference, if any, between counsel will be eliminated.

■ I. As I regard the matter, under Section 3477 of the Revised Statutes of the United States, 31 U.S.C.A. § 203, when joined to Sections 2 and 13 of the Act of March 9, 1920, 41 Stat. 525 and 528, 46 U.S.C.A. §§ 742–751, the way will be cleared for the maintenance of a suit by the libelant.

The United States excepted to the libel on the grounds that (1) the libelant had not legal capacity to sue and (2) the libel must be dismissed "because the libellant sues as an assignee."

Dealing with the contentions stated, and under the circumstances recited, the court

wrote as follows (The West Grama, D.C. S.D.N.Y., 1924 A.M.C. 1444, 1445, 1446):

" * * * there is no necessity for excluding assignees of claims from the class who may proceed in admiralty against the Government. * * * The language of the Act of March 9th, 1920 [46 U.S.C.A. § 742], is sufficiently sweeping to justify the construction that the libellant contends for, and to allow the courts of admiralty to enforce against the Government claims transferred by assignment which may be asserted against all other persons. I can see no reason why a broad statute enabling suits to be brought against the Government, accompanied by a provision that all other acts inconsistent therewith are repealed, should be limited by the terms of Sec. 3477 of the Revised Statutes."

I discover no warrant for departing from the ruling I have quoted.

II. Among other things, as set forth in the affidavit of respondent's counsel sworn to May 14, 1946, in subdivision 4 at page 2, the respondent urges that "the assignments to the libellant were rendered void because pursuant to Title 31 U.S.C.A. § 203, assignments of claims against the United States are null and void." In the same affidavit, subdivision 5 of page 2, the respondent also makes the following claim:

"It is the contention of respondent that where an assignee sues he stands in the shoes of his assignor and has no greater rights than his assignor. Hence it is necessary for the libelant to show that his [its] assignors could have maintained this suit against the United States. This is obvious because if the assignors had no right to sue the United States in this district then the assignee cannot sue here."

It seems to me that, ignoring the problem of venue, The West Grama, supra, held that the repeal by Section 13 of the Act of March 9, 1920, 41 Stat. 528, vested seamen with the right to maintain suits. It seems to me also that in McGhee v. United States of America, 2 Cir., 154 F.2d 101, 1946 A.M.C. 487, it was the purpose of the Second Circuit Court of Appeals to sustain that view. The court there relied on 50 U.S.C.A.Appendix, § 1291(a) (2), and

commented as follows (154 F.2d page 104, 1946 A.M.C. pages 492, 493):

"Thus, if we read into § 1291 all the conditions of the Suits in Admiralty Act, practically the remedy was open to aliens only in case the ship on which they were injured had survived and was in the United States, and then only in the district where they could catch her. We cannot believe that it was the intent of Congress by such juggling to keep the promise to the ear, only to break it to the hope. We think rather that by incorporating the Suits in Admiralty Act, § 1291 meant to give to alien seamen an available remedy by allowing them to sue in any district, at least when they had a claim in personam against the United States. That does no more violence to the letter of the statute than is frequently permissible when its obvious purpose will be otherwise defeated."

As I read The Mandu, 2 Cir., 102 F.2d 459, 461, 462, its ruling is to the same effect. Cf. United States Fidelity & Guaranty Co. v. United States, D. C. S. D. N. Y., 56 F.Supp. 452, 1944 A.M.C. 633, 634, 635; Olvarria & Co. v. United States, D. C. S. D. Ala., 56 F.Supp. 758; United States v. Caffey, 2 Cir., 141 F.2d 69.

Several other contentions have been advanced in argument; but, as I see them, they are without merit. A fair illustration is given in United States Fidelity & Guaranty Co. v. United States, D. C. S. D. N. Y., 56 F.Supp. 452, 453 left column. The court described the essence of the matter as follows:

"The determining factor there [in a case dealing with jurisdiction] was said to be the fact that the means of travel was furnished by and was a part of the vessel. * * * it is clear that the accident [due to negligence], happening as stated in the libel, was a maritime accident. * * *

"There is no doubt that were this suit between private parties, it could be maintained in admiralty either by the libelant or the employer of Walsh [an employee]. * * * A libel in personam may be brought against the United States in cases where a proceeding in admiralty could be maintained if the vessel were a merchant ship and privately owned. Sections 2 and

3 of the Suits in Admiralty Act, 41 Stat. 525, 526, 46 U.S.C.A. §§ 742, 743. * * * the recovery here sought is the same which the employee himself might seek, and would be within the jurisdiction asserted. That it is brought in the name of someone else, who, by federal law, is given the right to sue, does not and should not change the jurisdiction status."

Multiplication of the illustrations is unnecessary.

III. If counsel agree about the preliminaries set out near the beginning of this memorandum, the exceptions to the libel will be overruled and a reasonable period (say two weeks) will be allowed for the respondent to answer. If counsel do not agree, I shall be willing to hear them on points in the preliminaries as to which they differ.

Subject to adjustment or determination of or as to the preliminaries, settle order on two days' notice.