## FORRESTER v. UNITED STATES.
### Civ. No. 4479.

District Court, E. D. Wisconsin.

Dec. 30, 1947.

Kenneth K. Luce, of Milwaukee, Wis., for plaintiff.

Timothy Cronin, U. S. Atty., and Howard Hilgendorf, Asst. U. S. Atty., both of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

Plaintiff brings this action under the Federal Tort Claims Act, 60 Stat. 843, 28 U.S.C.A. § 921 et seq. The complaint alleges that on December 15, 1945, at an intersection in the city of Milwaukee, plaintiff's automobile was struck by a truck owned by the United States Army but operated at the time in question by the United States Post Office Department. Plaintiff

seeks $288 for damages to his automobile and $104 for loss of wages.

It has been stipulated that plaintiff received $238 from the State Farm Auto Insurance Company of Bloomington, Illinois, pursuant to the terms of the collision insurance policy and that prior to the commencement of this suit the insurance company assigned to plaintiff the right and interest which it had received by subrogation.

Defendant United States moves to dismiss the complaint on the following grounds: (1) plaintiff is not the real party in interest, (2) the Federal Tort Claims Act does not authorize suits upon derivative claims, and (3) plaintiff cannot maintain the action because it is barred by the anti-assignment statute, 35 Stat. 411, 31 U.S.C.A. § 203.

In the case of Walter J. Wojciuk and The Shelby Mutual Casualty Co. v. United States of America, et al., D.C., 74 F.Supp. 914, upon a motion by defendant United States to dismiss the complaint of the insurance company, this court decided on December 3, 1947, that the said insurance company was a proper party plaintiff under the Federal Tort Claims Act, and that the anti-assignment statute did not bar the insurance company from presenting its claim which it had received by subrogation.

In the case at bar, instead of the insurance company being joined as a party plaintiff, it assigned the rights received by it by subrogation back to the plaintiff who was the party originally damaged. Under the ruling of the Wojciuk case the insurance company could have been joined as a party plaintiff. It would then have asked damages for $238, the amount paid to Forrester, and the latter, as co-plaintiff, would have sought damages of $50 for the automobile and $104 for loss of wages.

Defendant's motion to dismiss cannot in any event be granted in its entirety. Plaintiff herein has the undoubted right to seek recovery for damages to his automobile not compensated by insurance, and also for his loss of wages. There can be no dispute as to the plaintiff being the real party in interest as to those items.

In the Wojciuk case the government contended that the United States has consented to be sued only by the person who originally suffered the loss. Here the plaintiff was that person. In any event, giving the Federal Tort Claims Act the construction intended by Congress in relieving its members from the burden of considering hundreds of private claims at each session of Congress, I can see no justification for holding that while the plaintiff and the insurance company could properly present their respective claims as co-plaintiffs, the plaintiff cannot proceed alone after having received an assignment of the insurance company's interest.

If there were negligence on the part of the truck driver and no negligence on the part of the plaintiff Forrester which contributed 50% to his damages and injuries, the entire cause of action arose at the same time. The damages to the plaintiff's automobile and his personal injuries all occurred at the same moment, and the cause of action was in him. The fact that the insurance company was bound by contract to make good all of the damages to the automobile except the first $50 does not change the nature nor the extent of the liability.

But defendant claims that if this plaintiff sues alone, it might face a multiplicity of suits. As a practical matter no such result would follow. The insurance company has assigned its claim and would be bound by the adjudication. The assignment was not to a stranger to the original action, which might possibly bring into play the anti-assignment statute.

There is close analogy between the Tort Claims Act and the Suits in Admiralty Act. 46 U.S.C.A. § 742. Under both statutes the United States has consented to be sued for a personal judgment in tort. Assignees of tort claims covered by the Suits in Admiralty Act have been held entitled to proceed against the United States notwithstanding the anti-assignment statute. Seaboard Fruit Co., Inc. v. United States, D.C., 73 F. Supp. 730; Seaboard Fruit Co., Inc. v. United States, D.C., 73 F.Supp. 732.

The motion of the United States to dismiss the complaint will be denied.