**INSURANCE CO. OF NORTH AMERICA v. UNITED STATES.**

Civ. A. No. 272.

District Court, E. D. Virginia, Alexandria Division.

March 12, 1948.

Leroy S. Bendheim, of Alexandria, Va., and Abner H. Ferguson, of Washington, D. C. (Arthur W. Clement, of New York City, on the brief), for plaintiff.

George R. Humrickhouse, U. S. Atty., of Richmond, Va. (J. H. Reddy, Dept. of Justice, of Washington, D. C., on the brief), for defendant.

. BRYAN, District Judge.

The question is whether an insurance company may as subrogee sue the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 931, to recover the amount paid by the insurer to its insured as the damages suffered by the latter in consequence of the negligent act or omission of an employee of the United States.

The issue is made by the motion of the United States to dismiss the complaint of the Insurance Company of North America to recover the amount it has paid to its insured for the loss sustained when his personal property was damaged through the negligence of the defendant's employee.

Defendant takes the position that the Act does not permit suit by a subrogee, contending that a subrogee is not a claimant within the meaning of the statute because its claim is not "on account of damage to or loss of property or on account of personal injury or death." The United States urge that the law never contemplated a waiver of their immunity against suit in favor of anyone save the individual whose person or property was insured. Further defense is that action of the present type is barred by the federal statute condemning transfers and assignments of claims against the United States. 31 U.S.C.A. § 203.

The Court is of the opinion that a subrogee is entitled to the benefits of the Federal Tort Claims Act.

Well established and readily admitted is the rule that statutes waiving the immunity of the United States must be strictly construed. But just as impelling is the duty of the Court to follow the intent of the Congress to make the United States fully liable to suit, and to accord every citizen, whether person, firm or corporation, such right of action, when an enactment of the Congress is clear and unequivocal in its purpose to waive the sovereign immunity.

A clearer or more sweeping waiver of immunity than that contained in sec. 410 of the Act, 28 U.S.C.A. § 931, is not easily phrased. Jurisdiction is granted "on any claim against the United States * * * under circumstances where the United States, if a private person, would be liable

to the claimant for such damage * * * in accordance with the law of the place where the act or omission occurred," and further "the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to. the same extent, as a private individual under like circumstances * * *". That. can mean here no less than it says—that the United States may be sued for torts of negligence whenever an individual in Virginia might be sued. So bald is this declaration of suability that no ground for construction seems available. No intimation arises to outlaw a subrogee and concededly Virginia would allow him to sue.

The United States finds his exclusion in the words "on account of damage to or loss of property", which appear in the statute as qualifying "any claim". An insurer-subrogee, they say, is not a claimant "on account of damage to or loss of property". But the Congress has said "the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances". That clause is a repetition of the liability to suit stated in the first sentence of the section; it is emphasis of the wish of the Congress to expose the United States to suit in every phase of negligence liability to which an individual is subject. Indisputably an individual is answerable at law to a subrogee.

█ Moreover, the subrogee's claim in fact is a claim "on account of damage to or loss of property". Equitable subrogation is the enforcement of the original claim. It is not a separate claim; it is still the injured person's claim although enforced by another. United States v. American Tobacco Co., 166 U. S. 468, 474, 17 S.Ct. 619, 41 L.Ed. 1081.

The Government suggests that the Congress had in mind "private individuals" and not insurance companies as claimants. This view would deny the remedy to the subrogee if a corporation, but if the insurer happened to be an individual, or a partnership, or an unincorporated association of individuals, then it would hold suit available to a subrogee. Such interpretation is not impressive.

█ Doubtlessly. the Congress was well aware of the prevalence of liability insurance. Had it desired to forbid subrogated insurers as claimants, it would have said so. The omission of such an exception is positive evidence that none was intended. An entire section, sec. 421, 28 U.S.C.A. § 943, is devoted to the enumeration of exceptions. Subrogees are not mentioned in that section, even though the attention of the' House Claims Committee was directed to the point by the Assistant Attorney General of the United States, as appears from the Government's memorandum. The Congress did not intend for the circumstance of insurance to determine immunity or liability to suit. Nothing appears in the Act to justify the conclusion that the United States were to be liable only when the injured or damaged person was uninsured.

If the view of the Government is to prevail, the effect could easily and legitimately be avoided, either by the insurer's stipulation that the insured sue the United States as a prerequisite to recovery against the insurer, or by resorting to the method, followed in Luckenbach v. W. J. McCahan Sugar Co., 248 U.S. 139, 39 S.Ct. 53, 63 L. Ed. 170, 1 A.L.R. 1522, and in The Plow City, 3 Cir. 122 F.2d 816; certiorari denied 315 U.S. 798, 62 S.Ct. 579, 86 L.Ed. 1199, of making the payment by the insurance company a loan to the insured and thereafter bringing an action against the United States in the name of the insured. The lawfulness and propriety of those methods, which accomplish the same aim, is proof that a direct suit under the Act is not contrary to the policy of the United States.

The legislative purpose was to relieve the Congress of private claims. Obviously that purpose envisaged the transfer to the courts of a vast field of liability determination previously exercised only by the Congress. Of the myriad claims contemplated surely those of subrogees, individual or corporate, were not reserved by the Congress for itself to consider. Nor is the United States prejudiced by giving the subrogee a right to sue.

█ Legislation of a comparable nature has never been constructed by the courts in the manner the pending motion

**954**

straitens the present Act. Plaintiff's counsel refers the court to the opinion of Attorney General William D. Mitchell construing the Small Claims Act, 31 U.S.C.A. § 215, approved December 28, 1922. In respect to its provision permitting the head of each department to "consider, ascertain, adjust, and determine any claim * * * on account of damages to or loss of privately owned property", his conclusion is that the claim of an insurance company as subrogee is within the statute. Although that statute is repealed by the Federal Tort Claims Act its interpretation is quite persuasive of the meaning of the repealing statute, especially when the latter adopts almost identical language. Again, the Suits in Admiralty Act, 46 U.S.C.A. § 781 et seq., and the public Vessels Act, 46 U.S.C.A. § 741 et seq., waive the sovereign immunity of the United States against appropriate libels for maritime torts. Those statutes have never been held to exclude suits by subrogees. Defense Supplies Corporation v. United States Lines, 148 F.2d 311; United States Fidelity etc. Co. v. United States, D. C., 56 F.Supp. 452, affirmed 152 F.2d 46.

 Nor should subrogees be denied relief under the Act lest there be two claims presented before a Government department or the court, one by the insured and one by the insurer as subrogee. That problem has been met and conquered in other fields of litigation, both in the State and Federal courts. The recognized doctrine proscribing the splitting of causes of action is the answer. Where there is but one tort, there can be but one action. Moreover, the pleadings should be made to reveal and assert the actual interest of the claimant. The insured and insurer can be compelled to join, and the action brought in the name of the insured for the use of himself and of his insurer. If such procedure is deemed advisable, then here or in any other case the plaintiff may amend by adding the insured or insurer, as the case may be, as a party plaintiff, Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to meet the requirements of Rule 17(a).

 No confusion in ascertaining the date of the commencement of the limitation period, as suggested by the defendant, will result from allowing a subrogee to sue. The period is fixed by sec. 420 of the Act, 28 U.S.C.A. § 942, as "one year after such claim accrued * * *." The claim is the claim against the United States; it is the same claim no matter by whom enforced, so that the accrual date is not affected whether the insured, the insurer, or both are the plaintiffs.

 Subrogation is not a transfer or assignment within the meaning of Title 31 U.S.C.A. § 203 and a subrogee cannot on that score be deprived of access to the courts under the Federal Tort Claims Act. Western Pac. R. Co. v. U. S., 268 U.S. 271, 45 S.Ct. 503, 69 L.Ed. 951.

In its commercial transactions the United States have frequently responded to claims in subrogation, the courts showing no abhorrence to apply the doctrine to the United States. Maryland Casualty Co. v. United States, 32 F.Supp. 746, 91 Ct.Cl. 203, Morganthau v. Fidelity & Deposit Co., 68 App. D.C., 163, 94 F.2d 632, and American Mail Line v. United States, 10 S.Ct.Cl. 1, 59 F. Supp. 921.

The views of this court are in accord with the decision in Hill v. United States, D.C., 74 F.Supp. 129, rather than the conclusions reached in Ætna Casualty & Surety Co. v. United States, D.C., 76 F.Supp. 333.

An order denying the motion to dismiss will be entered upon presentation.