**UNITED STATES v. DUGAN BROS.,**
Inc., et al.

Civ. No. 1582.

District Court, E. D. New York.

Feb. 24, 1941.

---

[2] Dissenting opinion Mr. Justice Brandeis in Wuchter v. Pizzutti, supra, 276 U.

S. loc. cit. 26, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230.

**110**

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker and Hyman H. Goldstein, Asst. U. S. Attys., both of Brooklyn, N. Y., and Aaron Nussbaum, of Brooklyn, N. Y., of counsel), for the motion.

James J. Mahoney, of New York City (James J. Mahoney and Edward F. Quinn, both of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This is a motion to reargue the motion of the United States of America to dismiss the counterclaim of the defendant, Dugan Bros., on the ground that the Court lacks jurisdiction to entertain a claim of this nature against the plaintiff, a sovereign nation; to reconsider the Court's decision heretofore filed herein on the 26th day of December, 1940, and upon such reargument and re-consideration, to withdraw the said decision, and vacate the order of this Court entered on the 3d of January, 1941, and to grant the motion of the plaintiff to dismiss the said counterclaim.

In the action at bar plaintiff sues for property damage alleged to have been caused by a collision between a mail truck of the Post Office Department and a truck owned and operated by Dugan Bros., Inc., and defendant has interposed an answer containing a general denial, and a counterclaim for damages alleged to have been caused by said mail truck colliding with defendant's truck.

On the argument of the original motion briefs were submitted on behalf of both parties, and after consideration of the authorities submitted, I concluded that the weight of authority supported the pleading of the counterclaim.

There was no mention in the briefs submitted on behalf of both parties on the original motion, nor was the attention of the Court called to the following decisions of the Supreme Court; United States v. Shaw, Administrator De Bonis Non, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888, and United States v. United States Fidelity & Guaranty Co. et al., 309 U.S. 506, 60 S. Ct. 653, 84 L.Ed. 894.

Prior to those decisions there appeared to be a conflict in the decisions of the Courts on the subject of jurisdiction of the Courts as to cross-claims against the United States.

This was recognized by the Supreme Court, as in the cases last cited it appears that certiorari was granted because of different views of the Federal Courts as to the decisions of the Supreme Court in the important field of cross-claims against the United States.

The decisions in those cases resolve all doubts, and it is no longer a question of weight of authority, but by the decisions in those cases it is clearly established that the objection to a suit against the United States on a tort claim is fundamental whether it be in the form of an original suit, or a counterclaim, unless there be a specific Congressional authority for it.

No such authority has been shown.

Had the cases cited herein been called to the attention of the Court on the argument of the original motion it would have been granted.

The motion of the plaintiff for a reargument of the original motion is granted, and upon such reargument the decision of this Court herein dated December 26, 1940, is withdrawn, the order of this Court filed on the 3d day of January, 1941, is vacated, and the motion of the plaintiff to dismiss the defendant's counterclaim is granted.