**DEFENSE SUPPLIES CORPORATION v.
UNITED STATES LINES CO. et al.**

No. 262.

Circuit Court of Appeals, Second Circuit.

March 28, 1945.

Horace T. Atkins, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., and Burlingham, Veeder, Clark & Hupper, all of New York City (Norman M. Barron, Edward L. Smith, Herbert M. Lord, and William J. Tillinghast, Jr., all of New York City, of counsel), for appellees.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The threshold question is whether the Defense Supplies Corporation may bring suit against the United States under the Suits in Admiralty Act. We recognize the fact that the real parties in interest are the insurance companies. But their right to sue is dependent upon the right of the party to whom they are subrogated.[2]

"In interpreting the [Suits in Admiralty] act, permitting as it does a suit to be brought against the United States, we must follow the rule of strict construction. This follows from the fact that the United States cannot be sued without their consent, and, if Congress in certain cases gives its consent, the courts are confined to the letter of the statute which expresses such consent. Schillinger v. United States, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108." The Isonomia, 2 Cir., 285 F. 516, 520. Cf. Knowlton v. United States, 2 Cir., 121 F. 2d 192 and cases cited; Wallace v. United States, 2 Cir., 142 F.2d 240.

It seems clear to us that the complete ownership of the Defense Supplies Corporation by the United States shows this to be nothing more than an action by the United States against the United States.[3] The Act would appear to contemplate no such action. Sections 1 and 2 indicate that the United States shall be the defendant. And Section 3 states that such suits as are brought under the Act shall proceed according to the principles of law and rules of practice obtaining in like cases between private parties. In private litigation the plaintiff and defendant cannot be the same.[4] For, in that

[2] Phoenix Insurance Company v. Erie & W. Transportation Co., 117 U.S. 312, 321, 6 S.Ct. 750, 1176, 29 L.Ed. 873; Westchester Fire Insurance Co. v. Pennsylvania R. Co., 2 Cir., 96 F.2d 133; Switzerland General Insurance Co. v. Navigazione Libera Triestina, S.A., 2 Cir., 91 F.2d 960; Globe & Rutgers Fire Insurance Co. v. Hines, 2 Cir., 273 F. 774.

[3] That the United States is the real plaintiff here is substantiated by those cases holding that the United States may be the plaintiff in an action based upon a contract of such a government corporation. Russell Wheel & Foundry Co. v. United States, 6 Cir., 31 F.2d 826; United States v. Skinner & Eddy Corporation, 9 Cir., 35 F.2d 889, certiorari denied 281 U.S. 770, 50 S.Ct. 248, 74 L.Ed. 1176; United States v. Czarnikow-Rionda Co., 2 Cir., 40 F.2d 214, certiorari denied 282 U.S. 844, 51 S.Ct. 24, 75 L.Ed. 749; Reconstruction Finance Corporation v. Krauss, D.C., 12 F. Supp. 44; Reconstruction Finance Corporation v. Graydon, D.C., 16 F.Supp. 765; United States v. Freeman, D.C., 21 F.Supp. 597; United States v. Arthur, D.C., 23 F.Supp. 537.

[4] Phoenix Insurance Co. v. Erie & Western Transportation Co., supra; Globe & Rutgers Fire Insurance Co. v. Hines, supra; Simpson & Co. v. Thomson, L.R. 3 A.C. 279 (H.L. 1877).

event, there is no real case or controversy. We conclude, therefore, that the Defense Supplies Corporation cannot maintain a suit against the United States under the Suits in Admiralty Act.[5]

Our disposition of the first question makes it unnecessary to determine whether or not the Robert Morris is a "merchant vessel" under the terms of the Act.

Affirmed.

[5] As libellant's alleged claim must rest on subrogation, the suit here must be regarded as brought by one government agency against another, i. e., a dispute about the proper allocation of government funds between different parts of the government. The question whether such an action, even if authorized by statute, would be justiciable we need not here consider.