**UARTE v. UNITED STATES et al.**
No. 648 ND.

District Court, S. D. California, N. D.
Feb. 10, 1948.

706

Stammer & McKnight, W. H. Stammer and Galen McKnight, all of Fresno, Cal., for plaintiff.

James M. Carter, U. S. Atty., Ronald Walker and Robert Komins, Asst. U. S. Attys., all of Los Angeles, for defendants.

YANKWICH, District Judge.

In an action originally instituted against the United States Government, the Department of the Navy, the Twelfth Naval District, Golden State Company, Ltd., Don Arthur McCoy and five fictitious persons, the plaintiff prays judgment in the sum of $55,636.25 for personal injuries and damages claimed to have been suffered by him as the result of an accident which occurred on July 24, 1946, near the City of Madera, California. The accident resulted from a collision between a Navy vehicle, the plaintiff's vehicle and a tractor and semi-trailer owned by the Golden State Company, Ltd. and operated by one of its employees, Don Arthur McCoy.

The action has been dismissed as to the Department of the Navy, the Twelfth Naval District, Don Arthur McCoy, and the fictitious defendants. It stands only against the United States of America and the Golden State Company, Ltd.

The Government has moved to dismiss the complaint upon the ground, generally, that it does not state a claim within the jurisdiction of the Court.[1]

The narrow question presented is whether, under the Federal Tort Claims Act[2], a private corporation can be joined as a joint tort feasor with the Government in a single suit brought in the United States District Court.

We start with the principle from which there has been no deviation in our entire judicial history, that the sovereign's immunity to suit can only be waived by the sovereign himself in language which explicitly indicates such waiver.[3] Statutes waiving immunity are construed not only strictly in favor of the Government, but narrowly and literally.[4] And, because a statute of this character creates both the right and the remedy, any limitation of the remedy is also a limitation of the right.[5] An opinion of the Second Circuit Court of Appeals, arising under the Suits in Admiralty Act[6] has a succinct summary of these principles which is worth quoting: "In interpreting the act (The Suits in Admiralty Act), permitting as it does a suit to be brought against the

---

[1] Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c.

[2] 28 U.S.C.A. § 921 et seq.

[3] Moore Ice Cream Co., v. Rose, 1933, 289 U.S. 373, 379, 53 S.Ct. 620, 77 L.Ed. 1265.

[4] Kendall v. United States, 1838, 12 Pet. 524, 610, 9 L.Ed. 1181; Schillinger v. United States, 1894, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108; Price v. United States and Osage Indians, 1899, 174 U.S. 373, 19 S.Ct. 765, 43 L.Ed. 1011; Blackfeather v. United States, 1903, 190 U.S. 368, 23 S.Ct. 772, 47 L.Ed. 1099; Kansas v. United States, 1907, 204 U.S. 331, 27 S.Ct. 388, 51 L. Ed. 510; Eastern Transportation Co. v. United States, 1927, 272 U.S. 675, 686,

47 S.Ct. 289, 71 L.Ed. 472; United States v. Michel, 1931, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Klamath Indians v. United States, 1935, 296 U.S. 244, 56 S.Ct. 212, 80 L.Ed. 202; Minnesota v. United States, 1939, 305 U.S. 382, 383, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. U. S. Fidelity and Guaranty Co., 1940, 309 U.S. 506, 512, 60 S.Ct. 653, 84 L.Ed. 894; United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058; And see my opinion in Sweet v. United States, 1947, D.C.Cal., 71 F. Supp. 863.

[5] The Harrisburg, 1886, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358.

[6] 46 U.S.C.A. § 741 et seq.

United States, we must follow the rule of strict construction. This follows from the fact that the United States cannot be sued without their consent, and, if Congress in certain cases gives its consent, *the courts are confined to the letter of the statute* which expresses such consent. Schillinger v. United States, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108. And all the provisions of such a statute *are jurisdictional.* As the liability and the remedy are created by the statute, the limitations of the remedy are regarded as limitations of the right. The Harrisburg, 119 U.S. [199], 214, 7 S.Ct. 140, 30 L.Ed. 358." [7] (Emphasis added.)

In 1946, the Congress of the United States, through the Federal Tort Claims Act, gave to the district court of the plaintiff's residence, or where the act or omission which is the basis of the suit occurred, exclusive jurisdiction to hear and determine any claim against the United States for money only accruing on or after January 1, 1945, "on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, *if a private person,* would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this chapter, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a *private individual* under like circumstances." [8] (Emphasis added.)

The same section provides that the judgment in such action "shall constitute a complete bar to any action by the claim-

ant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim". [9]

Several matters are made evident by this section of the Act. The statute grants a right to sue which did not exist before. It contemplates that the Government shall be the *sole* defendant. This appears from several clauses in this section. The judgment is a bar against the employee. If it had been intended that the employee or any of the joint tort feasors shall be a party, this provision would be meaningless. Obviously, the only object in providing that a judgment shall bind another contemplates the absence of the other as a party to the lawsuit. For it is hornbook law that, in a personal action, the judgment is binding only on the parties to the action. Hence the provision which extends the benefit of the judgment to the employee can be given meaning only if the employee *is not* a party to the action. Heretofore, when statutes were enacted making individuals responsible in money judgments for acts done by them in a governmental capacity, provision was made for liquidation of the judgment by the Government upon proof that the act for which he was held liable was done in his official capacity. Such, for instance, are suits for the refund of overpaid Internal Revenue taxes which can be brought against the Collector personally. [10]

Again, the statute specifically denies a jury trial. As the Government need not have given its consent to sue, when it did give it, it could condition it upon any grounds it chose. One of them is that the trial as to the person suing the Government shall be *without a jury.* A jury trial in civil cases, whether tort or contract, is guaranteed by the Seventh Amendment. [11] This right which would

[7] The Isonomia, 1933, 2 Cir., 285 F. 516, 520; And see, United States v. Clyde-Mallory Lines, 1942, 5 Cir., 127 F. 2d 569; Wallace v. United States, 1944, 2 Cir., 142 F.2d 240; Defense Supplies Corporation v. United States Lines Co., 1945, 2 Cir., 148 F.2d 311; Oahu Ry. & Land Co. v. United States, 1947, D.C. Hawaii, 73 F.Supp. 707.

[8] 28 U.S.C.A. § 931(a).

[9] 28 U.S.C.A. § 931(b).

[10] 28 U.S.C.A. § 250; And see, Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; United States v. Nunnally Investment Co., 1942, 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455, 140 A.L.R. 792.

[11] Constitution of the United States, Amendment 7; Rule 38(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

inure to the plaintiff, but for the limitation of the Act, would be a matter of right as *to any defendant, individual or corporation other than the Government.* The denial of such right is, to my mind, a clear expression that it was intended that the Government should be the only defendant in the case.[12]

 The Federal Rules of Civil Procedure provide for joinder of all persons against whom a right may be asserted jointly, severally or in the alternative as to any matters arising out of the same transaction or series of transactions or if common questions of law or fact will arise in the action.[13] Because of this, it is insisted by the plaintiff that the provision of the section of the Act which states that in actions under it "the forms of process, writs, pleadings, and motions, and the practice and procedure, shall be in accordance with the rules promulgated by the Supreme Court pursuant to Section 723b and 723c of this title," [14] warrants such joinder. I cannot agree. This general provision making the rules applicable did not subject the Government to a joint suit with others. It only subjected it to suit against it alone. And the legislative history of the Act shows clearly that the situation which has arisen here was envisioned in the Congress and the view specifically expressed that the adoption of this law would not subject the United States to joint suit with others. The House Committee on the Judiciary in reporting on H.R. 181, 79th Congress, First Session, 1945,—a bill identical with Section 932, stat-

following section 723c. We are bidden to construe a statute as a harmonious whole in order to give full effect to it, even if, in so doing, we must disregard conflicting clauses. See 59 Corpus Juris, 995–1004; 50 Am.Jur.Statutes, Sec. 352, 364; United States v. Katz, 1926, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986; D. Ginsberg & Sons, Inc. v. Popkin, 1932, 285 U.S. 204, 52 S.Ct. 322, 76 L. Ed. 704; Burnet v. Guggenheim, 1933, 288 U.S. 280, 285, 53 S.Ct. 369, 77 L.Ed. 748; McDonald v. Thompson, 1938, 305 U. S. 263, 59 S.Ct. 176, 83 L.Ed. 164; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 1938, 305 U.S. 315, 330–333, 59 S.Ct. 191, 83 L.Ed. 195; Haggar Co. v. Helvering, 1940, 308 U.S. 389, 394, 60 S.Ct. 337, 84 L.Ed. 340; United States v. American Trucking Assns., Inc., 1940, 310 U.S. 534, 542–544, 60 S.Ct. 1059, 84 L.Ed. 1345; Helvering v. Hammel, 1941, 311 U.S. 504, 511, 61 S.Ct. 368, 85 L. Ed. 303, 131 A.L.R. 1481; United States v. Public Utilities Commission, 1945, 80 U.S.App.D.C. 227, 151 F.2d 609, 613. The only interpretation which would harmonize with the whole object of the statute is the one which excludes as party defendant every one except the Government. Any other interpretation would introduce into the situation the incongruity of the denial of a jury to the plaintiff and the retention of the right as to the codefendant.

12 I am not unmindful of the fact that situations may arise under the new procedure where, in the same action, certain issues might be triable by the court and others by the jury. This, necessarily, arises in a case in which equitable and legal claims are mixed and a jury is demanded as to the legal claims. Rules 38 and 39, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Ford v. C. E. Wilson & Co., D.C. Conn., 1939, 30 F.Supp. 163; Ryan Distributing Corp. v. Caley, D.C.Pa., 1943, 51 F.Supp. 377. But I am not impelled in reaching the conclusion by postulating difficulties which might arise from the fact that the jury hearing the case against the private citizen or corporation might reach one verdict or assess damages in one amount and the judge might reach an entirely different verdict or make an entirely different award. I prefer to read the provision for non-jury trial as proof of the intention of the Congress to limit the cases in the Federal courts to the Government. This does not prevent the plaintiff from suing others in the state courts for the same tort. Of course, he can collect but one judgment. And there is no contribution among joint tort-feasors in California: Adams v. White Bus Lines, 1921, 184 Cal. 710, 195 P. 389; Smith v. Fall River etc. High School Dist., 1934, 1 Cal.2d 331, 34 P.2d 994.

13 Federal Rules of Civil Procedure, Rule 20, 28 U.S.C.A. following section 723c. I have no quarrel with this broad rule of joinder. I have defended it and kindred provisions in the California statutes on various occasions. See, Yankwich: Joinder of Parties, 1929, 4 So. Cal.Law Rev. 469; Yankwich: New Federal Rules of Civil Procedure, 1938, pp. 45, 49; Yankwich: Federal and California Jurisdiction and Procedure, 1940, 1 F.R.D. 453, 477.

14 28 U.S.C.A. § 932.

ed that the jurisdiction to be exercised in these cases by the district court was the same as the jurisdiction which the district court exercised concurrently with the Court of Claims under the Tucker Act.[15] The Committee added: "The bill therefore does not permit any person to be joined as a defendant with the United States and does not lift the immunity of the United States from tort actions except as jurisdiction is specifically conferred upon the district courts by this bill." [16]

Significantly, they refer in the Report to two leading cases.[17] It is well to consider these and other cases, because the argument of counsel and the decision which announced a different ruling seeks to draw a distinction between an action under this Act and actions under the Tucker Act.[18] As already appears, the Judiciary Committee of the House, composed of eminent lawyers, stated in unmistakable language that the jurisdiction was similar to that exercised under the Tucker Act. And the language which the courts have used in interpreting rights arising from the Tucker Act leave it clear that the suits under it are subject to the same rigid rule of construction in favor of the Government as any other waiver statutes.[19]

In Lynn v. United States, the Circuit Court of Appeals for the Second Circuit had before it an attempt to join a claim against the Tennessee Valley Authority with one against the United States. The Court held that Rule 20 of the Federal Rules of Civil Procedure did not authorize such joinder, saying: "The Tucker Act waives sovereign immunity from suit in court in the classes of claims it specifies, *on procedure and with reservations which it sets out.* 28 U.S.C.A. §§ 761, 762, 763, 764. The proceeding is sui generis. It does not fall under the new rules of procedure any further than by Sect. 761, supra, it fell under the old ones. It is not to be *embarrassed by joining other litigants who may be entitled to jury trial, and whose liability must necessarily depend on different principles."* [20] (Emphasis added.)

In United States v. Sherwood, the court was confronted with a similar problem. There it was sought to join private parties and the Government. The Court said: "The United States, as sovereign, is immune from suit save as it consents to be sued. United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510; Minnesota v. United States, 305 U.S. 382, 387, 59 S.Ct. 292, 294, 83 L.Ed. 235; Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 388, 59 S.Ct. 516, 517, 83 L.Ed. 784; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed 888. See cases cited in The Pesaro, D.C., 277 F. 473, 474 et seq. *and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."* (Emphasis added.)[21]

And to the argument that because the Rules of Civil Procedure governed the action, inferentially, joinder was allowed, the answer was this: "The matter is not one of procedure *but of jurisdiction whose limits are marked by the Government's consent to be sued.* That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which prescribe the methods by which the jurisdiction of the

[15] 28 U.S.C.A. § 41(20).

[16] House Judiciary Committee Report on H.R. 181, 79th Congress, 1st Session.

[17] Lynn v. United States, 5 Cir., 1940, 110 F.2d 586; United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

[18] I refer to the decision of United States District Judge Chesnut of the District of Maryland in Englehardt v. United States, D.C.Md.1947, 69 F.Supp. 451, which has been followed by Judge

Byers of the Eastern District of New York in Dickens v. Jackson, 1947, D.C. N.Y., 71 F.Supp. 753, and Judge Smith of the District of New Jersey in Bullock v. United States, D.C.N.Y.1947, 72 F. Supp. 445.

[19] See cases cited in Note 7.

[20] Lynn v. United States, 1940, 5 Cir., 110 F.2d 586, 588, 589.

[21] United States v. Sherwood, 1941, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058.

federal courts is to be exercised, but do not enlarge the jurisdiction." [22] (Emphasis added.)

In actions under the Suits in Admiralty Act, attempts to make parties other than the United States have also been rejected by the courts. Thus, an attempt to join the Defense Supplies Corporation.[23] Similarly, courts have rejected contentions that actions under the Suits in Admiralty Act could be brought against a private vessel upon a cause of action accruing when the ship was operated by the United States after the expiration of the two-years limitation. The contention was rejected in the following emphatic language: "At the time the accident occurred, the Suits in Admiralty Act furnished *the exclusive remedy* in admiralty against the United States on all causes of action arising out of the operation of its merchant vessels. *The sovereign immunity of the United States having been waived, an action for tort arose; and the Suits in Admiralty Act was the only law by which this result was accomplished. Therefore, the cause of action existed by virtue of the Suits in Admiralty Act, was authorized only by that Act, and could not have been effectively prosecuted but for the provisions of that Act.* * * * It thus appears that the cause of action here sued upon was created by virtue of the Suits in Admiralty Act; that all suits upon such causes of action

were required by the Act to be brought within two years after the cause of action arose; and that it was the intention of Congress to limit its liability resulting from the waiver of its sovereign immunity without regard to whether it still owned or had sold its vessels. This suit was not brought within two years after the cause of action arose, and the exceptions to the libel should therefore have been sustained." [24] (Emphasis added.)

An attempt was made in Munro v. United States to avoid the limitations contained in the World War Veterans' Act of 1924, as amended in 1930.[25] It was argued that by reason of the Conformity Act of 1872, state statute of limitation governed.[26] The answer of Mr. Justice McReynolds, speaking for the Court, was brief and to the point: "Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313. *The Conformity Act, 28 U.S.C.A. § 724, cannot be relied upon to change any of these.*" [27] (Emphasis added.)

More recently, in an action to refund taxes, the Circuit Court of Appeals for the Second Circuit made a similar ruling and held that even the consent of the Government representative could not waive the limitation contained in the statute.[28] In Moreno v. United States, in an action

---

[22] United States v. Sherwood, 1941, 312 U.S. 584, 591, 61 S.Ct. 767, 772, 85 L.Ed. 1058.

[23] Defense Supplies Corporation v. United States Lines, 2 Cir.1942, 148 F.2d 311.

[24] United States v. Clyde-Mallory Lines, 5 Cir., 1942, 127 F.2d 569, 571.

[25] World War Veterans' Act, 1924, § 19, as amended, Chapter 849, 46 Stat. 992, 38 U.S.C.A. § 445.

[26] 28 U.S.C.A. § 724.

[27] Munro v. United States, 1938, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633. As far back as 1878, and notwithstanding the provision of the Judiciary Act of 1789, which declared the laws of the State in trials at common law were to be regarded as rules of decision in the courts of the United States, the Supreme Court declined to bind the United States by a state statute of limitation in a suit which it brought against a superintendent of Indians Affairs in Minnesota.

See United States v. Thompson, 1878, 98 U.S. 486, 25 L.Ed. 194.

[28] Wallace v. United States, 2 Cir. 1944, 142 F.2d 240. This accords with the view that notwithstanding the right to assert a counterclaim or cross-claim against any party to an action, Federal Rules of Civil Procedure, rule 13, 28 U. S.C.A. following section 723c, none can be asserted against the Government in any action which it institutes. See, United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. U. S. Fidelity Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; United States v. Merchants Transfer & Storage Co., 9 Cir.1944, 144 F.2d 324; and see my opinion in Bowles v. Crew, D.C.Cal.1945, 59 F.Supp. 809, in which I applied this principle to a suit brought by the Office of Price Administration and dismissed a cross-complaint attempted to be filed against them in the action.

brought under the World War Veterans' Act of 1924, the Government interpleaded a third party who also claimed the proceeds of an insurance policy. It was argued that, under the circumstances, the plaintiff could, under Rule 14(a) of the Federal Rules of Civil Procedure, amend the Complaint so as to assert another cause of action against the third-party defendant. But the Court held that this could not be done, that the consent to sue was limited to a specific matter, that the only object of the Government in bringing in the third party was to find out to whom the amount of the policy should be paid, and that the Government, in so doing, did not "open the flood gates" in order to allow any controversies between the parties to be adjudicated in the matter. Judge Magruder used this meaningful language: "Section 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445, which is the basis of jurisdiction in the court below, is a special provision of law under which the United States consents to be sued on policies of war risk insurance 'Construing the statutory language with that conservatism which is appropriate in the case of a waiver of sovereign immunity.' (United States v. Sherwood [312 U.S. 584], 61 S.Ct. 767, 771, 85 L.Ed. 1058, decided by the Supreme Court March 31, 1941), we find nothing in § 19 which suggests that the United States consents *to be sued in litigation which may expand into a trial of multifarious collateral causes of action between the original plaintiff and third persons.*" [29] (Emphasis added.)

█ So it is evident that the distinction which it is attempted to draw between claims under the Tucker Act, as to which the District Court and the Court of Claims have concurrent jurisdiction, and an Act of this character which waives immunity for actions for torts and allows actions to be brought in the District Court is untenable. The Supreme Court and the Courts of Appeal can see no distinction between the two. Certainly, the Suits in Admiralty Act is a waiver of sovereign immunity in certain actions for tort. So

was the World War Veterans' Act in certain actions on insurance contracts, after failure of administrative settlement. And yet, in construing them, the courts have applied the same criteria as they have to other waiver statutes. Rightly. For the principle is the same. Regardless of the method by which the sovereign waives immunity, the measure of immunity lies in the mode of the waiver and the explicit and expressed limitations contained in it. Or, to put it conversely, whenever the United States Government consents to be sued, it consents to be sued only *in the manner and under the conditions which it lays down.* A general provision such as is contained in the present Act, making the rules of procedure applicable *does not* read into the Act the right of others to be joined with the Government any more than the mere general application of the Conformity Act could transport into other waiver statutes provisions enlarging the conditions of waiver which they contained. And this is especially true when the statute itself is, as we have seen, full of tokens of a contrary intention. To repeat the words of an old case: "The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore, to be treated as limitations of the right." [30]

█ In summary, the gloss of all these cases is this: Reference in a waiver statute to other statutes, as governing the procedure under it, means nothing more than that certain *formal* rules of procedure obtain in actions as to which the waiver relates. But even the most general reference to such other statutes, whether it be the Judiciary Act of 1789, the Conformity Act of 1872, or the Federal Rules of Civil Procedure of 1938, *cannot* affect the *manner* and the *conditions* of the waiver. They are strictly delimited by the waiver statute itself, and no change in its conditions or restrictions can be read into it *inferentially* by such reference to procedural incidences.

Perhaps the doctrine of sovereign immunity is harsh and needs revision. Or, it may well be that it should be abandoned

---

[29] Moreno v. United States, 1 Cir. 1941, 120 F.2d 128, 130.

[30] The Harrisburg, 1886, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358.

712

entirely, as some writers and jurists have maintained.[31] But abandonment, if there be one, should come from the Congress. And any modification of the rule of strict, narrow and literal interpretation of statutes of waiver must come from the Supreme Court. Until it does come, we must bow to it as the judges of the Second Circuit Court of Appeal did, although reluctantly, in the cases just referred to.[32]

It follows that the defendant Golden State Company, Ltd. is not a proper party to this action. Misjoinder is no longer a ground for dismissal.[33] However, the Court has the power under the Federal Rules of Civil Procedure to order any party dropped on its own motion.[34] Such an order will be entered, dropping the defendant Golden State Company, Ltd., from the action, the action to proceed *solely* against the United States of America.

---

[31] Borchard, Government Responsibility in Tort, 34 Yale Law Journal, 1924, I, 129, 229; 36 Yale Law Journal, 1926, I, 757, 1039. And see, Hammond-Knowlton v. United States, 2 Cir.1941, 121 F. 2d 192; Wallace v. United States, 2 Cir. 1944, 142 F.2d 240.

[32] See cases in Note 31.

[33] Federal Rules of Civil Procedure, Rule 21, 28 U.S.C.A. following section 723c.

[34] Federal Rules of Civil Procedure, Rule 21, 28 U.S.C.A. following section 723c.