## DONOVAN et al. v. McKENNA.

### Civ. A. No. 7516.

United States District Court
D. Massachusetts.

Oct. 18, 1948.

Bernard Kaplan and Louis Theran, both of Boston, Mass., for plaintiffs.

William T. McCarthy, U. S. Atty. and William J. Koen, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

There is before me a motion to amend the complaint so as to add the United States as a party defendant. The plaintiffs brought a tort action in a Massachusetts State Court against one McKenna, an Assistant Collector of Customs, for damages resulting from a collision between a car driven by McKenna and their property. McKenna removed the case to this Court. The motion under consideration was then filed, the contention being made that, under the Federal Tort Claims Act, as amended, 28 U.S.C.A. § 1346(b) the United States is now liable equally with McKenna and that the two actions should be tried together. The United States opposes the motion to amend.

Following the authority and reasoning of Uarte v. United States, D.C., 7 F.R.D. 705, I find that the United States did not consent to such joinder when Congress passed the Act. As was stated in that case, 7 F.R.D. at page 706, "We start with the principle from which there has been no deviation in our entire judicial history, that the sovereign's immunity to suit can only be waived by the sovereign himself in language which explicitly indicates such waiver. Statutes waiving immunity are construed not only strictly in favor of the Government, but narrowly and literally." I find no language in the Act whereby the Government consented to be sued along with its employees. Furthermore, as stated at page 709 of 7 F.R.D. of the Uarte case, quoting United States v. Sherwood, 312 U.S. 584, 591, 61 S.Ct. 767, 85 L.Ed. 1058, "And to the argument that because the Rules of Civil Procedure governed the action, inferentially, joinder was allowed, the answer was this: 'The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued. That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which prescribe the methods by which

the jurisdiction of the federal courts is to be exercised, but do not enlarge the jurisdiction.' "

Plaintiffs' motion is denied.