87 F.Supp. 357 (1948)
SAPPINGTON
v.
PRENCIPE et al.
Civ. A. No. 37213.
United States District Court District of Columbia.
December 15, 1948.
*358 Robert Hawkins, Washington, D. C., for plaintiff.
Geo. E. McNeil, Washington, D. C., for defendants.
JAMES ALGER FEE, District Judge.
Plaintiff Gertrude B. Sappington originally brought action against Nick L. Prencipe and Evelyn T. Barrett and Elwood F. Barrett for personal injuries claimed to have been sustained by her by reason of joint negligence of the defendants. Jury trial was demanded by plaintiff. Upon learning that Prencipe was an employee of the United States of America, plaintiff moved for joinder of the latter as a defendant. This motion was granted by the court with the consent of the United States Attorney. After the United States was made a party, the United States Attorney moved to strike the demand for jury trial. This motion was allowed by the court as to all defendants. When the pretrial conference took place, plaintiff moved to dismiss as to Prencipe, which was allowed. At the trial, defendants Barrett moved to dismiss the cause as to them for the reason that the court had no jurisdiction to try a cause in which the United States was joined with other defendants in an action for tort under the statute. The court overruled the motion.
The cause was tried before the court without the intervention of a jury. The evidence showed that Mrs. Sappington walked without care for her own safety through heavy traffic from a safety zone, where she had gotten off a street car, toward the sidewalk. It is true that the Barrett car was momentarily stopped near the sidewalk opposite the end of the platform of the safety zone and in a place where stopping was forbidden by a regulation of the District of Columbia. This, however, was a condition rather than a cause of the accident. Plaintiff walked in front of a taxicab which passed her. Prencipe, who was a United States park policeman, mounted on a motorcycle, sounded his horn when he saw the situation, but she paid no heed. He immediately put on his brakes and attempted to bring the motorcycle to a stop and also to dodge the plaintiff. However, he failed in this maneuver and struck her with one of the lights of his motorcycle at about the time he brought the vehicle to a stop.
The court was of the opinion that the injury to plaintiff was caused solely and proximately by her own fault and negligence, that neither the defendants Barrett were, nor was the United States nor was Prencipe responsible, and expressed this holding from the bench.
However, the court raised the question of the jurisdiction to entertain an action jointly against the United States and another party or parties under the Tort Claims Act.[1] The question was briefed and submitted.
The question has been argued solely as if the salient feature were the joinder of third parties in an action against the United States. Plaintiff and defendants Barrett argue now that judgment should be on the merits. The United States contends that the judgment should be rendered on the merits against plaintiff and in favor of the United States, but that a joint action cannot be maintained against the United States and other defendants, and therefore either a severance should be granted or a dismissal of the action as to the others with the right to recommence the suit. None of these expressions squarely touches the issue. The salient question is whether the United States can be joined as an additional party defendant in an action which plaintiff commenced against three individual defendants.
It is hornbook law that the sovereign cannot be sued without its consent. Without express statutory waiver of immunity, no such suit can be maintained. Such a statute must be strictly construed since the United States may consent on those terms and conditions which Congress chooses, and those alone. This principle has already been recognized by many courts in the refusal to entertain a suit in which the United States is joined with its employee. *359 The brilliant analysis of Judge Yankwich in Uarte v. United States, D.C., 7 F.R.D. 705,[2] should settle for all time this matter of the joinder of the United States with other defendants under this particular act. Under the circumstances here, the consent of the United States was not conferred by the statute expressly and therefore cannot be obtained by the order of the court or by the consent of the United States Attorney. Since the question is a jurisdictional one, the time at which the objection was made cannot be considered. It is as valid if made at the end of the case as at the beginning. It does not depend upon the consent of the parties, but the power of the court to act.
The technical difficulties and practical considerations which reinforce the eminently proper decision in the Uarte case are illustrated by the cause at bar. The joinder of the United States with Prencipe, already a defendant, created a situation which was intolerable at the outset. The plaintiff tried to remedy this by dismissing as to the employee. Furthermore, as to the other defendants besides the United States, plaintiff had the right guaranteed by the Constitution to jury trial. Amend. 7. The other defendants as against the plaintiff also had the right to jury trial, but these incidents clearly illuminate the fact that the whole nature of the proceeding underwent a complete change the instant the United States became a party, and that there could be no reconciliation of the divergencies so created. If joinder of the sovereign were permitted under these circumstances, it would be easy for the plaintiff to combine with an individual defendant to throw the liability on the United States. This is a danger which all attorneys recognize in a case brought against two defendants jointly and severally.
The practical mischief is accomplished when the United States is made a party either at the beginning with other individual defendants or is added after the suit is commenced. There is only one positive cure for the situation, and that is the dismissal of the action as a whole. Plaintiff may then pursue whatever remedy she may have either against the United States or the other defendant or defendants. If the court were to choose which of the defendants the plaintiff should pursue, that might work a hardship to plaintiff. On the other hand, by choosing the United States, the court might saddle the Government with liability, where, if left to her own device, plaintiff might have chosen another. If the court dismisses the United States for lack of jurisdiction and proceeds with the trial, still the question of jury arises. While the court has, without the presence of a jury, made a determination as to the facts of this case and is ready to dismiss upon the merits, it is now believed that this is not the appropriate solution. If the court had no jurisdiction of the action at the time of trial, the court acquired none. The only possible determination is that the action be dismissed as to all parties.
Findings and judgment may be prepared dismissing the cause for lack of jurisdiction as to all parties.
NOTES
[1] 28 U.S.C.A. § 2671 et seq.
[2] See also Drummond v. United States, D.C., 78 F.Supp. 730; Donovan v. McKenna, D.C., 80 F.Supp. 690.