## UNITED STATES v. PITTSLEY et al.

Civ. A. No. 7752.

United States District Court
D. Massachusetts.

Sept. 13, 1949.

George F. Garrity, U. S. Atty., Charles J. Kalinauskas, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Francis D. Mone, Taunton, Mass., for defendant Pittsley.

McGregor & McGregor, Taunton, Mass., for defendant Costa.

SWEENEY, Chief Judge.

The motion to dismiss the counterclaim is to be allowed. If there is doubt whether a counterclaim may be filed against the United States it is better to have it determined at once in order that the defendants' rights to file an original suit may not be carried beyond the period of the statute of limitations. It seems clear from a review of the sovereign's immunity from suit that any waiver of such immunity cannot be accomplished except by language which is clear and explicit. I find no language in the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., which attempts to create a waiver of immunity to suits by counterclaim. 3 Moore's Federal Practice, 2d Ed., 1948, paragraph 13.28, page 76, states that the counterclaim cannot " * * * be maintained against the sovereign unless it is predicated on a claim to which the United States has given its statutory consent to be sued in the court where the counterclaim is interposed, and where this consent includes a 'counterclaim' (as distinguished from an 'original' action) against the sovereign." See also Donovan et al. v. McKenna, D.C., 80 F.Supp. 690.

This decision is not intended to cover a situation where an offset is filed against a suit brought by the United States, but it is limited to the situation where only an original suit has been authorized and filed and the defendant attempted to file a counterclaim instead of an original suit.

The motion to dismiss is allowed.