**SULLIVAN**

v.

**UNITED STATES et al.**

No. 52 C 1961.

United States District Court
N. D. Illinois, E. D.
April 21, 1954.

Kamin & Gleason, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for the Government.

Joseph H. Hinshaw, Hinshaw, Culbertson, Moelmann & Hoban, Chicago, Ill., for Daniel Thomas.

CAMPBELL, District Judge.

On March 30, 1952, two automobiles were involved in an accident in Chicago, Illinois. One automobile was driven by Maurice Sullivan, the other by Daniel Thomas, an agent of the Federal Bureau of Investigation. At the time of the accident, Thomas was acting within the scope of his employment. Sullivan now brings suit against the United States and Thomas, as co-defendants, under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). The United States admits that it is amenable to suit under the Act, but denies that Thomas is properly joined as a defendant, and moves that he be dismissed on the ground that both he and Sullivan are citizens of the State of Illinois. The United States further moves that it be granted leave to file a third-party complaint against Thomas. The proposed third-party complaint demands judgment against Thomas in any amount recovered by Sullivan from the United States.

It is clear that the government's first motion, asking that Thomas be dismissed as a defendant, should be granted. Even if Federal Rule 20, 28 U.S. C.A., which governs joinder of parties

defendant, were operative in suits brought under the Tort Claims Act, as the decision in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, seems to indicate, a plaintiff must allege independent jurisdictional grounds to support his claim against a private tort-feasor. In the instant case, Sullivan has failed to allege such independent jurisdictional grounds, and therefore Thomas may not be joined as a defendant.

The government's second motion, asking to implead Thomas as a third-party defendant, presents a more difficult issue. There was a time when the weight of judicial opinion forbade the employment of Federal Rule 14, which governs third-party practice, in suits brought under the Tort Claims Act. See, for example, Uarte v. United States, D.C., 7 F.R.D. 705; Prechtl v. United States, D.C., 84 F.Supp. 889; Donovan v. McKenna, D.C., 80 F.Supp. 690. However, the Supreme Court made clear in United States v. Yellow Cab Co., supra, that the government has consented, through the Act, to be impleaded as a third-party defendant in suits against joint tort-feasors. This decision is grounded upon a practical consideration, for the joint tort-feasor might sue the government for contribution in a separate action under the Act after judgment is entered for plaintiff. It is therefore sound policy, within the spirit of Rule 14, to consolidate both causes of action—that of the plaintiff against the private joint tort-feasor and that of the private joint tort-feasor against the government—for a single trial. Any procedural obstacles posed by such a trial may be met by the exercise of the discretion granted to the trial court by Rule 14. With respect to the government's right to implead a private joint tort-feasor as third-party defendant, the Court stated, 340 U.S. at pages 551–552, 71 S.Ct. at page 405:

" * * * there is no immunity from suit *by* the Government to collect claims for contribution due it from its joint tort-feasors. The Government should be able to enforce this right in a federal court not only in a separate action but by impleading the joint tort-feasor as a third-party defendant."

Clearly then, Rule 14 may be employed in suits brought under the Act by either the plaintiff or the government. That is not to say, however, that Rule 14 serves to enlarge the liability of any party: the Rule does nothing more than permit a defendant to implead a third party "who is or may be liable to him for all or part of the [plaintiff's] claim". Therefore, the government's motion to implead its agent in the instant case is necessarily grounded upon the theory that the agent may be required to indemnify the government for any judgment entered for plaintiff. If that theory is unsound, the motion must fail.

The government's theory has already been tested and found erroneous in Gilman v. United States, 9 Cir., 1953, 206 F.2d 846. The Court there held that Section 2676 of Title 28, which is part of the Tort Claims Act, bars the government's right of indemnity against its negligent employee. That Section provides:

"The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

As the Gilman opinion points out, Section 2676 erases any obligation the employee might have had to the claimant, and, *a fortiori*, any obligation the employee might have had to the government as an indemnitor. The legislative history of the Section, which supports this result, is aptly described in the Gilman opinion, and need not be repeated here.

The court has assumed for the purpose of discussion that the government has a right to indemnity in the absence of Section 2676, but the existence of such a right might also be questioned.

The several judicial circuits are not even in complete agreement as to whether this issue should be resolved according to federal or state law; and it should be noted that if a government employee's obligations are to be determined by state law, additional reasons arise for rejecting the government's theory. In Illinois, a private employer's action against his negligent employee is not grounded upon quasi-contract or indemnity, as it is in California, where the Gilman litigation arose. Further, Illinois does not require or recognize contribution among joint tort-feasors. However, these points need not be labored since they are not involved in today's decision.

It is sufficient to say that Congress has decided that the government should bear the cost of the negligent acts of its employees. If the procedure now proposed by the government were adopted, that cost would invariably be shifted to the employees and their insurers. For that reason, the government's second motion must be denied.

Accordingly, the motion of the United States that Daniel Thomas be dismissed as a party defendant is granted, and the motion of the United States for leave to file a third-party complaint against Daniel Thomas is denied.