**UNITED STATES of America,
Plaintiff,
v.
NEW YORK CITY OMNIBUS
CORP., Defendant.**

United States District Court,
S. D. New York.

Feb. 7, 1955.

J. Edward Lumbard, U. S. Atty., New York City, Teresa M. Steele, Asst. U. S. Atty., Jackson Heights, N. Y., of counsel, for plaintiff.

William T. Granfield, New York City, for defendant.

BICKS, District Judge.

In this action by the United States of America for property damage to an army bus allegedly resulting from the negligent operation of defendant's bus, defendant counterclaims for damage to its vehicle. Plaintiff moves to dismiss said counterclaim contending that the Court lacks jurisdiction to render an affirmative judgment against it on a counterclaim.

The Federal Tort Claims Act, 28 U.S.C. 1346(b), confers jurisdiction on the District Court "of civil actions on claims against the United States, for money damages * * * for injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government * * *

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Analogizing from United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888, and Munro v. United States, 1937, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, the Government contends that the waiver of immunity from suit in the Federal Tort Claims Act is to be narrowly limited to a direct suit and that if, perchance, the claim is pleaded as a counterclaim immunity has not been waived.

In United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, the Supreme Court construed the Federal Tort Claims Act as a consent by the Government to be sued for contribution as a joint tort-feasor. Proceeding then to consideration of the Capital Transit case the court stated, 340 U.S. at page 554, 71 S.Ct. at page 406:

"Once we have concluded that the Federal Tort Claims Act covers an action for contribution due a tortfeasor, we should not, by refinement of construction, limit that consent to cases where the procedure is by separate action and deny it where the same relief is sought in a third-party action." [1]

The rationale of the decision in the Yellow Cab Co. case, supra, applies with equal force to the counterclaim under attack here. The cases cited in the Government's brief dealing with the maintainability of counterclaims under the Tucker Act are inapposite. The cases under the Federal Tort Claims Act relied on by the Government [2] were decided before the Yellow Cab Co. case.

Motion to dismiss counterclaim denied.

1. See also United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.

2. United States v. Dugan Bros., D.C.E.D. N.Y.1941, 36 F.Supp. 109; United States v. Pittsley, D.C.Mass.1949, 86 F.Supp. 463.