Harry FALK, Administrator of the Estate of William A. Colina, Deceased, Appellant,

v.

UNITED STATES of America, John Louis Hirt and Elmer Day, Appellees.

No. 13607.

United States Court of Appeals Sixth Circuit.

Feb. 13, 1959.

Philip Schneider and John M. O'Mara, of Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, for appellant.

William H. Hutcherson, Jr., of Rendigs, Fry & Kiely, Cincinnati, Ohio, Hugh K. Martin and Richard H. Pennington, U. S. Attys., Cincinnati, Ohio, for appellees.

Before ALLEN, Circuit Judge, and MATHES and SHELBOURNE, District Judges.

PER CURIAM.

The complaint of the administrator of the estate of William A. Colina sought to recover damages for the death of decedent and damages to his automobile allegedly caused by the negligence of the United States through its employee, Elmer Day, the driver of a government truck, and John Louis Hirt. It is charged that after decedent had stopped his car in obedience to a traffic signal on Central Parkway in the City of Cincinnati, Ohio, his car was struck by the car of the defendant John Louis Hirt; that while the parties to that collision were awaiting the arrival of police officers to make a report of the accident, the government truck driven by the defendant Elmer Day was negligently driven into collision with decedent's car. The plaintiff's claim is that the concurrent negligence of defendants Hirt and Day directly and proximately caused the injuries to decedent and his death resulting therefrom.

The defendant Hirt moved to dismiss the action as to him upon the grounds (1) that the complaint failed to state a claim against him upon which relief could be granted, and (2) that the court lacked jurisdiction because no diversity of citizenship existed between him and decedent or decedent's personal representative.

The court sustained the motion on the ground of lack of jurisdiction and dismissed the action as to Hirt. The plaintiff has appealed from that order.

There is no grant of jurisdiction to district courts in the Federal Tort Claims Act (28 U.S.C. § 1346(b) to entertain an action against the United States and an individual defendant as joint tort-feasors where diversity of citizenship is lacking between the plaintiff and the individual defendant. The case of United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, relied upon by the appellant, is authority only for jurisdiction of a claim against the United States for contribution from a joint tort-feasor ancillary to the action against the latter.

The dismissal of the action as to Hirt was proper and the judgment of the district court is affirmed.