Sharon VAN DORN, a minor, by Edward Van Dorn, her Father and next friend, and Edward Van Dorn, Plaintiff,

v.

Thomas HUFFMAN, Administrator of the Estate of Bobbie Lou Huffman, and Charles Rakers, Defendants.

Civ. No. 5219.

United States District Court
E. D. Illinois.
Aug. 26, 1963.

Edward F. O'Malley and Sandor Korein, East St. Louis, Ill., for plaintiff.

Carl W. Feickert, U. S. Atty. and Robert F. Quinn, Asst. U. S. Atty., East St. Louis, Ill., for defendant Rakers.

Wham & Wham, Centralia, Ill., for defendant Huffman.

JUERGENS, Judge.

Sharon Van Dorn, by her Father and next friend Edward Van Dorn, and Edward Van Dorn (hereinafter referred to as "plaintiffs") filed their complaint in the Circuit Court of Clinton County, Illinois.

Count I is by plaintiff Sharon Van Dorn and is against defendant Thomas Huffman, Administrator of the Estate of Bobbie Lou Huffman, and alleges that plaintiff was a guest passenger in a vehicle being operated by the decedent, Bobbie Lou Huffman, in a generally easterly direction along and upon Route 161, approximately three-fourths of a mile west of Shattuc Road, both being public highways in the County of Clinton, State of Illinois; that the decedent caused the vehicle she was operating to go into the west-bound lane of traffic and collide with a vehicle being driven by defendant Charles Rakers, causing injuries to plaintiff for which she prays damages.

Count II is also by the minor plaintiff, Sharon Van Dorn, and is against defendant Charles Rakers. This count alleges that plaintiff was a passenger in a vehicle being operated by decedent, Bobbie Lou Huffman, in a generally easterly direction along and upon Route 161, approximately three-fourths mile west of Shattuc Road, both being public highways in the County of Clinton, State of Illinois; that defendant Charles Rakers was operating a two and a half ton truck in a generally westerly direction upon Route 161 when he collided with the vehicle in which plaintiff was a passenger; that defendant Rakers was negligent in that he operated his vehicle at an excessive rate of speed, that he negligently failed to keep a proper lookout ahead and laterally and by so doing he could have avoided the ensuing collision, that he negligently failed to swerve his vehicle when he could have done so with safety to himself and others on the road and when by so swerving he could have avoided said collision, that he negligently failed to keep his vehicle under control.

Count I charges wilful and wanton misconduct against the deceased, Bobbie Lou Huffman, and Count II charges negligence against defendant Rakers.

Defendant Rakers filed his petition for removal on the grounds that the plaintiff seeks judgment against the petitioner, Charles Rakers, for damages resulting from the alleged negligent operation by the petitioner of a motor vehicle and that at the time of the accident the petitioner was acting within the scope of his office or employment as an employee of the United States Government and a remedy by suit within the meaning of subsection (b) of Section 2679 of Title 28 United States Code, is therefore available to the plaintiff against the United States. There is a certification by the United

States Attorney for the Eastern District of Illinois that petitioner was acting in the scope of his employment at the time of the incident out of which this action arose.

After removal of the cause to this Court, defendant Thomas Huffman, Administrator of the Estate of Bobbie Lou Huffman, deceased, filed his motion to remand the cause to the State court or, in the alternative, to remand Count I thereof. In support of his motion to remand, this defendant asserts that the order for removal was entered on February 12, 1963, being the same day that the petition for removal was filed without notice to or opportunity to be heard by this defendant; that the petitioner for removal is not a person empowered to seek removal in the absence of a showing of diversity of citizenship; that the complaint is brought by plaintiff against the moving defendant, both of whom are residents of the County of Clinton, State of Illinois; and that there is no allegation in the petition for removal that he resides in any other state or county; that the United States Statutes do not contemplate removal of a case where there are defendants other than the United States employee who reside in the same state in which the plaintiff resides and in which the forum for the filing of the suit was established.

The moving defendant has not seen fit to favor the Court with a brief; however, plaintiff has filed a brief in opposition to the motion to remand, wherein it is urged that the Court should retain jurisdiction of the entire cause; that remanding a portion of this cause to the state court would put the plaintiff in a position where innumerable problems would be encountered—that (1) the matter concerning the same set of facts would have to be tried two separate times; (2) there would be double expense; (3) there would be the question of how to reconcile the matters if there would be a verdict in one trial before the other, whether or not this would be an estoppel by verdict; (4) if there would be a verdict in one trial and not in the other, the question would be raised as to whether a finding as to one joint tort-feasor would not release or discharge the obligation of the other joint tort-feasor.

As concerns the third and fourth points raised by the plaintiffs, the Court does not believe that they contain sufficient merit to warrant serious consideration in considering the plaintiffs' objection to the motion to remand.

The first two points, however, are of another nature, and it would certainly be true that in the event this cause is in part remanded to the state court, it would then necessitate a trial in this Court and a trial in the state court. There would likewise be double expense involved. These matters must be considered by the Court in determining whether the cause should be in part remanded to the state courts for further consideration.

Section 2679, Title 28 U.S.C.A., provides in pertinent parts as follows:

"(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

\* \* \* \* \* \*

"(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the

United States under the provisions of this title and all references thereto. * * * "

■ That the action against defendant Charles Rakers is one which is removable under the statute hereinabove set out is clear; and, accordingly, the Court finds that the cause of action was properly removed to this Court.

The Court has been unable to find any case directly in point which has been called upon to interpret Section 2679, Title 28 U.S.C.A., as concerns the facts here presented; nor has any case been cited.

The Court must, accordingly, look to other statutory enactments in order to determine the probable intent of the Congress in enacting the statute.

Under the provisions of Section 1441 (c), Title 28 U.S.C.A., the federal district courts are granted a measure of discretion to determine whether under certain circumstances causes, although not otherwise removable, should be tried with causes which are removable when they are joined with such removable causes, or whether the Court should remand all matters not otherwise within its original jurisdiction.

Section 1441(c) provides as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ The Court is of the opinion that this entire cause, both as to the government employee and as to the non-government employee, was properly removed to this Court. It is further of the opinion that where, as here, a cause of action not otherwise removable is joined with a removable cause of action, then it behooves the court to determine whether justice may more properly be served by retaining jurisdiction of the entire matter or by remanding to the state courts for their determination those matters which would not be removable if sued upon alone. The Court finds that since this cause was properly removed to this Court and since the cause must be tried by the Court as to one of the defendants, the ends of justice may more properly be served by the Court retaining jurisdiction of the entire matter and determining all of the issues at one trial rather than by imposing upon the plaintiffs the necessity of two separate trials and causing the unnecessary expense of duplicate trials.

The Court will exercise its discretion in this matter and retain jurisdiction of the entire cause.

The motion to remand of defendant Thomas Huffman, Administrator of the Estate of Bobbie Lou Huffman, deceased, will be denied.