**Walter LIPINSKI, Plaintiff,**

v.

**Joseph BARTKO, Defendant.**

**Civ. A. No. 64-1004.**

United States District Court
W. D. Pennsylvania.

Jan. 20, 1965.

Franklyn E. Conflenti, Cauley, Birsic & Clarke, Pittsburgh, Pa., for plaintiff.

Sebastian C. Pugliese, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

Plaintiff filed an action in the Court of Common Pleas of Allegheny County, Pennsylvania, against defendant and Phillip P. O'Connor to recover damages for injuries allegedly resulting from their negligent operation of motor vehicles. Thereafter, upon certification by the United States Attorney that defendant was acting within the scope of his employment as an employee of the United States at the time of the accident, pursuant to 28 U.S.C. § 2679(d) [1], the action as

---

1. "(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the At-

to defendant was removed to this Court. Now before the Court are two motions: the first, filed by plaintiff, to remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania, for failure to join Phillip P. O'Connor in the removal petition and the second, presented by the United States, to substitute it as defendant in this action.

This is an action which clearly comes within the provision of 28 U.S.C. § 2679 (d) and is removable. Upon presentation of the necessary certificate by the United States Attorney, this cause of action was properly removed to this Court. Gustafson v. Peck, 216 F.Supp. 370 (N.D.Iowa W.D.1963); Van Dorn v. Huffman, 221 F.Supp. 285 (E.D.Ill.1963). This action is distinguishable from the situation involved in McMahan v. Fontenot, 212 F. Supp. 812 (W.D.Ark.1963). In that case, the action was removable as to both defendants, although the removal petition was presented by only one defendant without the joinder of the other. The Court there pointed out that the petition for removal failed to "disclose any reason why Langston did not join therein." McMahan v. Fontenot, supra, 814. Here the action as to Phillip P. O'Connor was not removable and that fact was clearly set forth in the petition. While there is authority for the Court's retaining jurisdiction of a cause of action not removable if joined with a removable one, that is not to say that the joinder of O'Connor is required here for a proper removal under 28 U.S.C. § 2679(d). Van Dorn v. Huffman, supra. Because this action was

properly removed, plaintiff's motion to remand must be denied.

In an action such as this, arising out of the alleged negligent operation of a motor vehicle by an employee of the United States, the remedy against the United States shall be exclusive and the individual employee shall be immune from liability. 28 U.S.C. § 2679(b) [2]; Gustafson v. Peck, supra. For this reason, and because an action removed to this Court pursuant to 28 U.S.C. § 2679(d) shall be "deemed a tort action brought against the United States", the motion filed by the United States to substitute it as defendant must be granted.

An appropriate order will be entered.

torney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court." 28 U.S.C. § 2679(d).

2. "(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."