**Horace K. GUTHRIE, Administrator of the Estate of Jennie K. Guthrie, Deceased, Plaintiff,**

v.

**The UNITED STATES of America and Milwaukee Automobile Mutual Insurance Co., Defendants.**

**No. 62-C-19.**

United States District Court
E. D. Wisconsin.

March 15, 1965.

Camp & Camp, Wauwatosa, Wis., for plaintiff.

William J. Mulligan, Asst. U. S. Atty., Milwaukee, Wis., for defendant United States.

Hippenmeyer & Reilly, Waukesha, Wis., for defendant Milwaukee Auto. Mut. Ins. Co.

GRUBB, District Judge.

Defendant, Milwaukee Automobile Mutual Insurance Co., has moved to dismiss the action as against it. The parties having waived oral argument, the motion has been submitted on the moving papers and briefs.

In the amended complaint plaintiff seeks recovery against the government for the allegedly negligent operation of an automobile by one George M. Liebl, a sergeant in the United States Army, acting within the scope of his employment. Plaintiff, alternatively, seeks re-

covery for the same damages from Liebl's insurer, Milwaukee Automobile Mutual Insurance Co., in view of the government's denial that Liebl was acting within the scope of his employment as a government agent.

Plaintiff has commenced an action against the insurer in the Circuit Court of Waukesha County, Wisconsin. In the state court the insurer denied liability on the ground that Liebl was acting within the scope of his government employment, and that the acts of Liebl were within an exclusionary provision of its liability policy.

There is no diversity between plaintiff and defendant insurer, Milwaukee Automobile Mutual Insurance Co.

Plaintiff's cause of action against the insurer is based on the contract of liability insurance. Its cause of action against the government is based on tort under the remedy of the Tort Claims Act providing for waiver of immunity. These causes of action are distinct and separate.

Joinder of the distinct, non-federal claim based on contract with the federal claim against the government, if permitted, cf. Lloyds' London v. Blair, 262 F.2d 211, 213 (10th Cir. 1958), must rest on independent jurisdictional grounds. Delman v. Federal Products Corporation, 251 F.2d 123, 125 (1st Cir. 1958). The doctrine of pendent jurisdiction has no application where there are separate causes of action rather than distinct grounds for relief in support of a single cause of action. Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). And see Wright, Federal Courts, § 19, pp. 55–57, and § 78, p. 297.

There being no diversity between plaintiff and defendant, Milwaukee Automobile Mutual Insurance Co., this court lacks jurisdiction over the non-federal cause based on contract between plaintiff and this defendant.

The motion to dismiss is hereby granted and the action is dismissed as against defendant, Milwaukee Automobile Mutual Insurance Co.