**Elizabeth DARNELL, Plaintiff,**

v.

**Allan Joseph STARKS and Tommy J. Gilliam, Defendants.**

**Civ. No. 66–133.**

United States District Court
D. Oregon.

April 6, 1966.

James B. Griswold, Green, Richardson, Griswold & Murphy, Portland, Or., for plaintiff.

Frederic D. Canning, Hershiser, Canning, Pullen, Mitchell & Rawls, Portland, Or., for defendant, Starks.

Victor E. Harr, Asst. U. S. Atty., Portland, Or., for defendant, Gilliam.

OPINION AND ORDER

KILKENNY, District Judge:

Defendant Starks seeks a remand to the state court on the ground there is no diversity of citizenship on the cause stated against him, as required by the Diversity Statute.[1]

Plaintiff was riding in a vehicle which left the highway as a result of a collision between vehicles driven by defendants Starks and Gilliam. Gilliam was operating a Government vehicle within the scope and course of his employment. Originally, the action was filed in the Clackamas County Circuit Court. It was removed to this Court on the petition of the United States. The issue here is on Starks' motion to remand.

Plaintiff and the United States oppose the motion and cite 28 U.S.C. § 2679, providing that in an action such as this, the sole remedy is against the United States and that the individual employee is immune from liability. The action is viewed as one in tort against the United States.

The opposition to the motion to remand is sound. 28 U.S.C. § 1441(c),[2]

---

10. See Champion Brick Co. of Baltimore County v. Signode Corp., 37 F.R.D. 2 (D.Md.1965).

1. 28 U.S.C. § 1332.

2. 28 U.S.C. § 1441(c).
   "(c) Whenever a separate and independent claim or cause of action, which

would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

was enacted to meet the problem, here presented. Van Dorn v. Huffman, 221 F. Supp. 285 (E.D.Ill.1963), is directly in point and should be followed. Lipinski v. Bartko, 237 F.Supp. 688 (W.D.Penn. 1965), teaches the same doctrine, but is not precisely in point.

Taylor v. Starks and the United States, Civil No. 64–332, in which Judge Solomon dismissed the case to one defendant, was an original proceeding in this Court. Consequently, 28 U.S.C. § 1441(c) was not applicable and played no part in the dismissal.

The motion to remand should be denied.

It is so ordered.