**Lillian ANDELMAN et al., Plaintiffs,**

v.

**Dr. Alvin GETZ et al., Defendants.**

**Civ. No. 67–266.**

United States District Court
S. D. Florida.

April 19, 1967.

Fink & Syna, Miami, Fla., for plaintiffs.

Carey, Dwyer, Austin, Cole & Selwood, Miami, Fla., for defendant Dr. Alvin Getz.

Morton Orbach, Asst. U. S. Atty., Miami, Fla., for the United States.

### ORDER

FULTON, Chief Judge.

This cause came on to be heard before the Court upon Plaintiff's Motion requesting the Court to determine jurisdiction, Defendant Getz's Motion to dismiss, and Plaintiffs' Objections to Interrogatories.

Although this action was commenced in the state court as a malpractice suit against two doctors and the Veterans Administration Hospital, it was removed to this Court by the United States pursuant to 38 U.S.C. § 4116 upon certification by the United States Attorney that Defendant Hillman was acting within the scope of his employment at the time of the incident in suit. Plaintiff contends that this Court lacks jurisdiction over the entire action because there is no diversity of citizenship between Plaintiffs and Defendants, citing Falk v. United States, 264 F.2d 238 (6th Cir. 1959).

The Falk case, and other Federal Tort Claims Act cases cited therein, were instituted in the district court as actions against joint tortfeasors, one of whom was a government employee acting within the scope and course of his employment. The *Falk* court found that the assertion of a claim against the United States which gave the district court original jurisdiction under 28 U.S.C. § 1346(b) was insufficient to create jurisdiction over a separate claim against a private individual where there is no diversity of citizenship between plaintiff and the private individual.

However, unlike the *Falk* case, the instant case presents a situation identical to the problems presented to Illinois and Oregon district courts under 28 U.S.C. § 2679(c), which is identical to the statute which is the basis for removal of this case, namely 38 U.S.C. § 4116(c).

In Van Dorn v. Huffman, 221 F.Supp. 285 (D.C.Ill.1963), the Court had before it a personal injuries claim arising out of an automobile accident. The claim was against joint tortfeasors, one of whom was a government employee acting within the scope and course of his employment. The case had been instituted in the state court and had been removed pursuant to 28 U.S.C. § 2679(c), which provides for removal upon certification by the United States Attorney that the employee-tortfeasor was acting within the scope and course of his employment when the accident occurred. The Court denied a motion to remand, stating that it had before it a matter of first impression:

> [When] a cause of action not otherwise removable is joined with a removable cause of action, then it behooves the court to determine whether justice may more properly be served by retaining jurisdiction of the entire matter or by remanding to the state courts for their determination those matters which would not be removable if sued upon alone. The Court finds that since this cause was properly removed to this Court and since the

cause must be tried by the Court as to one of the defendants, the ends of justice may more properly be served by the Court retaining jurisdiction of the entire matter and determining all of the issues at one trial rather than by imposing upon the plaintiffs the necessity of two separate trials and causing the unnecessary expense of duplicate trials. Van Dorn v. Huffman, supra, at 288.

The *Van Dorn* case was cited with approval and followed in Darnell v. Starks, 258 F.Supp. 31 (D.C., Or.1966). Both the *Van Dorn* and *Darnell* courts premised their holdings upon subparagraph (c) of the 28 U.S.C. § 1441 removal statute, which was enacted to meet just this problem. The applicability of this removal statute, which provides that:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction,

distinguishes the instant case from the *Falk* case.

Finding that this result is supported by 38 U.S.C. § 4116(c) taken together with 28 U.S.C. § 1441(c) and is best suited to the ends of justice, it is thereupon,

Ordered and adjudged as follows:

1. This Court has jurisdiction over the parties hereto and the subject matter hereof.

2. Plaintiff's Objections to Interrogatories be and the same are hereby sustained without prejudice to the filing of proper interrogatories.

3. Defendant Getz's Motion to dismiss and to strike be and the same is hereby denied. Said Defendant shall file an Answer to this Complaint within twenty (20) days from the date hereof.