Billie Jo **JACOBS**, surviving wife, on behalf of herself and the surviving children, et al., Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 72–243 Phx.   CAM.

United States District Court,
D. Arizona.

March 20, 1973.

Chandler, Tullar, Udall & Richmond, Tucson, Ariz., Kreindler & Kreindler, New York City, for plaintiff.

William C. Smitherman, U. S. Atty., Phoenix, Ariz., for the United States.

Mills, Shirley, McMicken & Eckel, John McEldowney, Galveston, Tex., for defendant Webb Thomas Aircraft Sales, Inc.

## OPINION * AND ORDER

COPPLE, District Judge.

This action was commenced under the Federal Tort Claims Act, and jurisdiction rests on 28 U.S.C. §§ 2671–2680, 1346(b). The United States is the only defendant. Plaintiff now moves to file an amended complaint adding Apache Airlines, Inc., operator (but not owner) of the airplane whose crash is the cause of suit, as a party defendant. Plaintiff and Apache are both citizens of Arizona. Since no diversity jurisdiction exists, plaintiff alleges that the court has pendent jurisdiction over Apache. Traditionally, that term has had a special definition.

> The pendent jurisdiction concept applies only where the same parties are involved on the state and federal claims. It does not permit bringing in an additional party to respond to a state claim on the ground that that claim is closely related to the federal claim against an existing party.

C. Wright, Handbook of the Law of Federal Courts § 19, at 65 (2d ed. 1970). It is true that a doctrine of "pendent parties" has been suggested since United Mine Workers v. Gibbs, 383 U.S. 715, 722, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Note, UMW v. Gibbs and Pendent Jurisdiction, 81 HARV.L.REV. 657, 662–64 (1968). But that view may confuse the semantic distinctions of the earlier cases. "Pendent jurisdiction is a specialized application of the ancillary jurisdiction concept . . . . Its application traditionally has been in situations in which plaintiff seeks to append a nonfederal claim to a substantial claim against the *same* defendant." 7 C. Wright & A. Miller, Federal Practice & Procedure § 1659, at 314 (1972) (emphasis added). Ancillary jurisdiction is the broader concept allowing a court to acquire control of an entire controversy —both the claims and additional parties —where it has no independent jurisdiction of one or more parties. *See id.* at 312–13. If jurisdiction exists to join Apache, then it is under the rules of the more encompassing doctrine.[1]

---

* *See* Ninth Cir.R.Prac. 21.

1. The discussion following in text often treats the matter as a question of jurisdiction over the "party." It is well to recognize that one deals here with questions of subject-matter jurisdiction in which a new claim against an absent party is involved. It is impossible to discuss one without the other, as the question is whether there is jurisdiction over both. The doctrine of pendent jurisdiction is simpler—and the cases under it easier of application—precisely because it involves only new claims among the same parties. *See generally* 7 C. Wright & A. Miller, *supra*, § 1610.

Nor should the doctrine of "pendant parties" be confused with the doctrine of "pendent personal jurisdiction." See Townsend Corp. v. Davidson, 222 F.Supp. 1 (D.N.J. 1963); D. Currie, Federal Courts 377–78 (1968). That doctrine relates to acquisition of in personam jurisdiction over a party on a new claim where the party is already before the court by long-arm or nationwide service of process on a separate but related claim. *See also* C. Wright, Handbook of the Law of Federal Courts 21, 65 (2d ed. 1970).

It may be that *Gibbs* has introduced a new era in which the traditional distinctions will meld into one theory of pendent jurisdiction, using the same criteria for all purposes.

## JOINDER WITH THE UNITED STATES

This Court has jurisdiction of the claim against the United States by virtue of 28 U.S.C. § 1346(b); it has no independent jurisdiction—diversity or federal question—of that against Apache Airlines. Were the party to be joined an employee or agent of the government, for whose tort the United States is liable by respondeat superior, joinder might be prohibited.[2] United States v. Dooley, 231 F.2d 423 (9th Cir. 1955); Benbow v. Wolf, 217 F.2d 203 (9th Cir. 1954); see Williams v. United States, 405 F.2d 951 (9th Cir. 1969) (no pendent jurisdiction); Sykes v. United States, 290 F.2d 555 (9th Cir. 1961); Pacific Freight Lines v. United States, 239 F.2d 191 (9th Cir. 1956); 28 U.S.C. §§ 2676, 2679(b). Here, Apache is attempted to be joined as a joint or otherwise related tortfeasor. No special federal rule of tort theory controls that question, but rather the rules controlling all federal litigation apply. United States v. Yellow Cab Co., 340 U.S. 543, 550–54 & nn. 8 & 10, 71 S.Ct. 399, 404–06 & nn. 8 & 10, 95 L.Ed. 523 (1951); see United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

■ There are a number of ways in which a new party could be introduced into litigation over which the court already has jurisdiction. Fed.R.Civ.P. 14, 19, 20, 24. Unfortunately, the courts seem to have created different rules for differing procedural modes of joinder, resulting in a certain confusion as to the true boundaries of ancillary jurisdiction. See Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27 (1963). The general rule is easy enough to state:

The doctrine of ancillary jurisdiction is premised on the notion that a court acquires jurisdiction over a case or controversy in its entirety and that the court possesses jurisdiction to de-termine all ancillary and incidental issues raised in the course of disposing of a case properly before it, even though it would have lacked jurisdiction over them had they been interposed in an independent action. Thus, when a federal court has subject matter jurisdiction over a case, it will resolve any ancillary proceeding, regardless of the citizenship of the parties, the amount in question, or any other factor that ordinarily would deprive the court of subject matter jurisdiction.

7 C. Wright & A. Miller, supra, § 1659, at 313. The fact that jurisdiction exists by virtue of consent to suit by the United States is no bar to joining Apache as a party defendant. International Mort. & Inv. Corp. v. Von Clem, 301 F.2d 857 (2d Cir. 1962); 7A C. Wright & A. Miller, supra, § 1917, at 606. But substantial problems arise when the general rule is placed against restrictions on avoiding the jurisdictional requirements. As Wright and Miller note, the result is a series of anomalies. See 7 id. § 1610.

■ It is clear that a party who may be only permissively joined under rule 20 is not one subject to ancillary jurisdiction. Nor should he be. The doctrine is designed to facilitate the complete adjudication of a controversy, not to allow litigation on the mere basis that a common question of law or fact is involved. The discretion under that rule to deny joinder or to order severance of trial is itself an indication that the Court should not strain to obtain jurisdiction where it does not otherwise exist. See C. Wright, Handbook of the Law of Federal Courts § 9 (2d ed. 1970). Some stronger interest in having the party in the case, and a stronger showing of judicial economy, must be made.

■■ Here, Apache meets the criteria for intervention of right, or for compulsory joinder.[3] Fed.R.Civ.P. 19(a),

---

2. None of these cases indulge in the type of analysis discussed in text infra.

3. It should be unnecessary to point out that whether the party seeks intervention or is

24(a). The United States is sought to be charged on the ground that it issued an air-worthiness certificate for the crashed plane when it was in fact unsafe, and that this negligence was a proximate cause of the crash and plaintiff's decedent's death. In its proposed amended complaint, plaintiff would prove that "Apache was negligent in the operation, maintenance, repair, control, certification, loading and/or inspection of the aircraft." Those claims not only involve common questions of law and fact, but leave Apache "so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede [its] ability to protect [its] interest." For example,[4] if the decision were that the United States had performed adequate investigation before granting the certificate, and that the airplane was soundly constructed, there can be no doubt that Apache's reliance on an intervening cause defense would be seriously impaired. Conversely, it might be that improper certification of a defective aircraft would be found, and depending partially on the extent to which Apache was involved in the certification, it might also be implicated in failing to discover or to cure the defect.

This is not a case in which joinder would destroy the jurisdiction of the court by destroying diversity. Whether Apache is in or out of this action the Court has federal question jurisdiction. Furthermore, there is no doubt that considerable savings of judicial energy will result. The United States cannot be sued in state court; if jurisdiction over Apache is refused, the case must be tried twice in separate forums.

Some cases have held that joinder is not possible under the Tort Claims Act.[5] E. g., Guthrie v. United States, 238 F. Supp. 855 (E.D.Wisc.1965); Sappington v. Prencipe, 87 F.Supp. 357 (D.D.C. 1948); Uarte v. United States, 7 F.R.D. 705 (S.D.Cal.1948). Such cases rest generally on distinguishable theories. Those relating to bars against joining the government's employee are statutorily excepted. 28 U.S.C. §§ 2676, 2679(b). The dicta and holdings that joint tortfeasors or other related parties not employees may not be joined are based either on the discredited notion that "strict reading" of the act fails to show permission to join them, or that they were not "necessary" parties. See United States v. Yellow Cab Co., supra. The modern cases are in accord with joinder. Darnell v. Starks, 258 F.Supp. 31 (D.Ore.1966) (court had jurisdiction over nongovernment-driver claim); Van Dorn v. Huffman, 221 F.Supp. 285 (E. D.Ill.1963); see Davis v. United States, 350 F.Supp. 206 (E.D.Mich.1972) (court had pendent jurisdiction of plaintiff's claim against nondiverse third-party defendant).

As the court's basic jurisdiction is not affected by joinder, as Apache meets the criteria of parties to be joined under rule 19(a), and as substantial savings of judicial energy are indicated by joinder, there are sufficient grounds for this Court taking ancillary jurisdiction of the claim against Apache.

DIVERSITY CONSIDERATIONS

The Court would be blind to reality were it not to consider one additional factor before concluding to join

---

sought to be forced into the action should be an irrelevant consideration where the subject-matter jurisdiction of the court is concerned. Parties cannot confer jurisdiction by stipulation. Contra, Wichita R.R. & Light Co. v. Public Ut. Comm., 260 U.S. 48, 54, 43 S.Ct. 51, 63, 67 L.Ed. 124 (1922). The intervention rule is called another anomaly. 7 C. Wright & A. Miller, supra, § 1610, at 100.

4. The Court of course intimates no view of the merits of this example. See note 9 in-

fra. The point is that where both lawsuits arise out of the same tort a decision as to the liability of the first party inevitably either must bind the second party more closely to the first, or the first will be successful in shifting fault to the second. In either case the interests of the second party are closely entwined in the trial of the first claim.

5. See also cases cited in text accompanying note 2, supra.

Apache Airlines. While it is true that the present action includes only the United States, there are other actions in this court arising out of the same nucleus of operative fact that are based on diversity. Consolidation of those actions with the present one for discovery and trial is a distinct possibility; indeed the parties have so suggested.[6] The present plaintiff has sued the remaining, diverse defendants. Jacobs v. Comet Steel Co., No. CIV–73–35–PHX–WPC (D.Ariz., filed Jan. 18, 1973). Suits by other plaintiffs have been filed.[7] The eventual result hoped for by counsel for all parties is to try the matter of this crash in one forum. They cannot sue the United States in state court; the forum of choice is obvious. So while the present posture of the issue is limited to joining a nondiverse defendant in a federal question suit, the end result is likely to be that, as a practical matter if not in legal fact, the claim against Apache will have been tried in a suit with diversity defendants. Despite their present urgings, any party might plead on appeal that this Court had no jurisdiction, as diversity was destroyed as surely as if only one action had been brought to begin with. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702 (1951) (party who removed to federal court, and lost, successfully raised lack of jurisdiction); see Fed.R. Civ.P. 12(h)(3). See also Atchison, T. & S. F. Ry. v. Francom, 118 F.2d 712 (9th Cir. 1941); Kataoka v. May Dept. Stores Co., 115 F.2d 521 (9th Cir. 1940); Yankwich, Jurisdiction of the Federal District Courts, 6 F.R.D. 507 (1946). It is true that the proper course at a later time would be merely to dismiss Apache Airlines under Fed. R.Civ.P. 21, and that dismissal of the entire action may not be required. 7 C. Wright & A. Miller, supra, §§ 1684–1685. It would nevertheless be useless to join Apache now, if the Court were of the opinion that jurisdiction would not exist at the end of the case.

So long as the Court would have diversity jurisdiction over the remaining defendants, no violation of constitutional commands is made, as the claims here all relate to one controversy. State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). The congressional grant of jurisdiction cannot be so easily expanded, however. Once diversity problems arise, the Court must carefully consider the policies supporting and restricting ancillary jurisdiction. 7 C. Wright & A. Miller, supra, § 1659. It seems to the Court that those authors have adopted the correct rule in stating that a nondiverse party must be at least one subject to compulsory joinder (as discussed su-

---

6. See note 10 infra. The parties have already agreed to treat the suits by several plaintiffs as one for discovery on their own motion. Consolidation would of course require a court order.

7. The Court is aware of the following additional cases filed here.

Nelson v. Wood, No. CIV–72–155–PHX–WPC (D.Ariz., filed Mar. 27, 1972).

Wagner v. C & W Aviation, Inc., No. CIV–72–8–PHX–WPC (D.Ariz., filed Jan. 3, 1972).

McGrath v. C & W Aviation, Inc., No. CIV–72–15–PHX–WPC (D.Ariz., filed Jan. 11, 1972).

Ford v. C & W Aviation, Inc., No. CIV–72–47–PHX–WPC (D.Ariz., filed Jan. 27, 1972).

Hummer v. C & W Aviation, Inc., No. CIV–72–73–PHX–WPC (D.Ariz., filed Feb. 7, 1972).

Gregg v. C & W Aviation, Inc., No. CIV–72–131–PHX–WPC (D.Ariz., filed Mar. 16, 1972).

Segundo v. C & W Aviation, Inc., No. CIV–72–208–PHX–WPC (D.Ariz., filed Apr. 28, 1972).

Tarkington v. United States, No. CIV–73–105–PHX–WPC (D.Ariz., filed Feb. 15, 1973).

Tarkington v. Comet Steel Co., No. CIV–73–106–PHX–WPC (D.Ariz., filed Feb. 15, 1973).

Some cases in this controversy are in the state courts, including one by this plaintiff against all the defendants except the United States. Jacobs v. Apache Airlines, Inc., Civil No. 133524 (Pima Cty. Ariz.Super.Ct., filed ——————). There is also a case in a California federal district court. Stein v. United States.

*pra*), but may not be one considered indispensable under rule 19(b). *Id.* § 1610; 7A *id.* § 1917. The distinction strikes the proper balance between assuring economies of forum and preventing unnecessary—if not unconstitutional—expansion of the court's jurisdiction. In the first place, the nature of permissive joinder is not sufficiently compelling to trigger the discretion of the court even where jurisdiction otherwise exists. See UMW v. Gibbs, *supra*. On the other hand, if a rule were made that a nondiverse party may be joined because the claim against him is so intimately tied with that existing before the court that no justice at all can be delivered without his presence, the result in diversity cases would be the absolute destruction of the complete diversity rule. Every time jurisdiction rested entirely on diversity but one party indispensable to the action were nondiverse, ancillary jurisdiction would be pleaded.

Two inquiries therefore remain: (1) Would Apache be found indispensable under rule 19(b), and therefore not subject to ancillary jurisdiction? (2) Without deciding whether the various doctrines have now merged into a single "pendent" theory,[8] the Court must inform its decision by the criteria in UMW v. Gibbs, *supra*.

*Rule 19(b) Test*

■ It has been suggested that after the 1966 amendments there will be few if any parties found indispensable. 7 C. Wright & A. Miller, *supra*, § 1610, at 97. If indeed more courts are refusing to dismiss actions where a party with a strong interest is absent, that is probably more a reflection of courts discovering that rule 19(b) contains equitable, not jurisdictional considerations. *Compare* Provident Tradesmens Bank &

Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), *with* Window Glass Union v. American St. Gobain Corp., 47 F.R.D. 255 (W.D.Pa. 1969), *aff'd*, 428 F.2d 353 (3d Cir. 1970).

The decision whether to dismiss (*i. e.*, the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests . . . . To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him.

390 U.S. at 119, 88 S.Ct. at 743 (footnote omitted).

In considering these factors, and in pursuing the elements relating to assertion of ancillary jurisdiction below, the Court proceeds by analysis of prospective issues; it in no way intimates a view as to the ultimate validity of, or decision on, those theories.[9]

The first question is the prejudicial effect on Apache or the remaining parties should a judgment be entered in Apache's absence. The tort law of Arizona will apply to this case, and the claims against Apache include negligent operation and negligent maintenance. Thus Apache may be only a concurrent tortfeasor with the other defendants, against whom strict liability and negli-

---

8. See note 1 *supra*.

9. The legal theories discussed, and the plausible alternative resolutions of law and fact are premised on the allegations in the complaint and inferences fairly drawn from the pleadings in this and companion cases. Whether the theories are viable, the as-

sumed facts provable, or the suggested resolutions predictable with any certainty is not a question on which the Court takes a position. Rather, it is the duty of the Court to project the possible courses of the case to inform its equitable discretion over the jurisdictional issues.

gence of manufacture, are being asserted.[10] Apache may not be construed as a joint tortfeasor, even with Fischbach & Moore, the owner, so separate verdicts may lie. Siebrand v. Gossnell, 234 F.2d 81 (9th Cir. 1956) (Arizona law); Busy Bee Buffet, Inc. v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957). On the other hand,·the ability of each defendant to shift the blame to those absent, without being bound by the decision in the other court, was an element *in favor of joinder under rule* 19(a). See Bennie v. Pastor, 393 F.2d 1 (10th Cir. 1968) (active tortfeasor not indispensable to suit against passive tortfeasor). There is necessarily a prejudice to plaintiff if the case is dismissed, as it is not one in which plaintiff "could have brought the same action, against the same parties plus [Apache] in a state court." 390 U.S. at 112, 88 S.Ct. at 739.

Any prejudice to the parties can be lessened in this case by limiting the proof to exclude operational and maintenance evidence, except as absolutely necessary to proving the claims against the defendants present, or to adequately defend the claims. A judgment rendered in Apache's absence of course runs the risk that limiting of proof will not be successful, and that in separate lawsuits each defendant would "palm-off" fault onto the absent parties, to the prejudice of plaintiff. Beyond that risk, the judgment against the manufacturing and certifying defendants need not be limited by the absence of the operating claim against Apache. The claim against the aircraft owner of course impinges more closely on the Apache claim involving maintenance. It may well be that the lease arrangement between the owner and Apache specifies responsibility for

maintenance, however, and the result would be that (1) the owner is indemnified and could bring Apache in as a third-party defendant, or (2) the owner has contractual responsibility, would be found liable in the present suit, and could be joined in the state-court action by Apache.

"We read the Rule's third criterion . . . to refer to [the] public stake in settling disputes by wholes." The factors affecting this interest in "complete, consistent, and efficient settlement of controversies", 390 U.S. at 111, 88 S. Ct. at 739, is discussed in connection with the. *Gibbs* criteria, *infra.* It is clear that the appropriate forum for this action, if that were the only consideration, is this court. Finally, the plaintiff *would be without a complete remedy if* the action were dismissed, as the United States cannot be sued in a state forum.

It appears from the foregoing that a number of paths would be open to the Court to fashion relief and conduct the trial with equitable results in Apache's absence, but that a key party would be immune from attack in any forum if the action were dismissed. Apache is therefore a necessary but not indispensable party to these proceedings. Fed.R.Civ. P. 19.

*Jurisdictional Discretion*

■ The court in UMW v. Gibbs, *supra,* noted that while a court may have the constitutional power to assume jurisdiction over a claim not usually within its reach, it should be careful in the discretionary exercise of that power. As noted above, that case dealt with a traditional pendent claim between existing parties, and not with obtaining ancillary jurisdiction of the claim against

10. The aircraft crashed when a wing fell off. Hawker-Siddeley Aviation, Ltd. (successor to de Havilland) constructed the plane. It was modified by the Carstedt group of defendants (represented here by the administratrix of the Carstedt estate, Valerie Wood). Fischbach & Moore Electrical Contracting, Inc., owned the plane. Garrett Corporation built the engines, and the remaining corporate defendants furnished goods or services used in the conversion. The Federal Aviation Administration certified the modified craft.

an absent party. Whether *Gibbs* has wrought a unification of various ancillary doctrines need not be decided, as the criteria for exercise of discretion defined there are applicable *pro re nata*. "The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." The power to join Apache with the United States has been demonstrated; its use is discretionary. "Its justification lies in considerations of judicial economy, convenience, and fairness to litigants . . . ." *Id.* 383 U.S. at 725–26, 86 S.Ct. at 1138–39 (emphasis original).

As Wright and Miller note, the general rule requires that the party to be joined be intimately linked with the action, but not so entwined that he would be deemed indispensable. 7 *id.* § 1610, at 98–99. The same arguments that are used to avoid the rule 19(b) stricture tend to militate against acquisition of jurisdiction under the *Gibbs* test. Thus if the claims are sufficiently separate that judgment on one will not prejudice the decision on the other, then the frail connection of the federal and state claims may dictate referral to the state court. The result is a narrowing of the area in which ancillary jurisdiction is properly exercised.[11]

This is a case in which federal question jurisdiction is not only substantial, but exclusive. The Federal Tort Claims Act is designed to provide relief to those damaged by government negligence. It is true that the substantive policies involved are those of state law, but the extent to which Congress intended the government to become liable, *see* 28 U.S.C. § 2679(b, c), evinces a policy of complete relief for the injured party. This policy is separate from, but coordinate with, the strong benefits in judicial economy that joinder would accomplish here. The diverse defendants could of course be joined in a state court action, but the United States, which is deeply involved in the modification claim, cannot be sued anywhere but federal court.

The principles behind the complete diversity rule—limiting the federal caseload—will not be served by refusing joinder. See Kozak v. Wells, 278 F.2d 104, 113 (8th Cir. 1960). Nor has the court given significant weight to the request of the parties that joinder be accomplished. If this were an ordinary diversity case, the Court would find it difficult to justify asserting jurisdiction. The involvement of the United States and its alleged agents indicates that this is the proper forum for full relief, however.

█ Furthermore, questions of federal aviation policy seem to be entwined with the certification issue, an issue which affects many of the diversity defendants, as well as Apache.[12] *See* Note, *supra*, 81 HARV.L.REV. at 670.

█ The economy and efficiency of trying the entire action in one forum is

---

11. Interestingly, the more nearly the claim is "separate and independent," the more likely it is that such a claim could have been removed from the state court if the United States had been sued there. 28 U.S.C. §§ 1441(c), 2679(d). *But see* Bee Mach. Co. v. Freeman, 131 F.2d 190 (1st Cir. 1942), *aff'd*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943).

12. One example is the issue whether the president of Strato-Engineering Co. was an

agent of the F.A.A. for purposes of certificate approval. That is a question of federal law that ought to be tried in the federal courts. *See* Illinois v. City of Milwaukee, 406 U.S. 91, 92 S.Ct. 1385, 1392–1394, 31 L. Ed.2d 712 (1972); cf. Woods & Reed, The Supreme Court & Interstate Environmental Quality: Some Notes on the Wyandotte Case, 12 ARIZ.L.REV. 691, 703–13 (1971).

immediately apparent when it is noted that twelve potential plaintiffs' exist; that discovery, because of both numerous defendants and the technical nature of the case, will be complicated; and that conflicting decisions by different courts attempting to control the parties has an abhorrent possibility of chaos.[13] *See* 28 U.S.C. § 1407. At this stage of the proceedings, it is the claim of which the United States is a part that appears to be most strongly relied upon by plaintiffs, and on which discovery is concentrated. Should that change, discretion of course exists in the Court to reexamine any decision to take jurisdiction of Apache. UMW v. Gibbs, *supra*, 383 U.S. at 729, 86 S.Ct. at 1139.

Finally, no notions of comity are infringed by joining Apache. The law to be applied is the wrongful death law of Arizona. Providing a single, convenient forum for Arizona plaintiffs to vindicate their rights can only further the interests of that state. Forcing Jacobs to sue in two different forums would hinder it.

The Court therefore concludes that, plaintiff's claim against Apache Airlines is inextricably entwined with the claim against the United States (and against the diversity defendants in the companion cases); that its subject-matter jurisdiction over the controversy is substantial, as are the claims under it; that the jurisdictional power of the Court extends to the claim against Apache, which corporation is within reach of the process of this Court; that Apache would not be an indispensable party under rule 19(b); and that policies of judicial economy, federalism and equity support joinder.

It is ordered that the motion to file an amended complaint joining Apache Airlines, Inc., as party defendant is granted.

---

13. For example, an Arizona Superior Court has dismissed Hawker-Siddeley Aviation for lack of long-arm jurisdiction, while another court rejected a similar motion (without prejudice). *Compare* Tarkington v. Apache Airlines, Inc., Civil Nos. 127645, 133524 (Pima Cty. Ariz.Super.Ct. Feb. 21, 1973), *with* Nelson v. Wood, No. CIV-72-155-PHX-WPC (D.Ariz. Feb. 27, 1973).